MANUEL FRANCISCO, ANTONIO, ROSA ELENA y RAQUEL LLUBE-RAS PASARELL, esposos ANTONIO VALENTI MESTRE y GRA-CIELA LLUBERAS PASARELL y esposos EMILIO BLASINI TOTTI y CELIA LLUBERAS PASARELL, demandantes y apelantes, *v.* MARIO MERCADO E HIJOS (SOCIEDAD CIVIL Y AGRÍCOLA), demandada y apelada.

Núm. 7815.—*Sometido:* Enero 17, 1939. *Resuelto:* Junio 8, 1939.

*L. López de Victoria,* abogado de los apelantes; *Pedro M. Porrata* y *Félix Ochoteco, Jr.,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un caso de desahucio iniciado en diciembre 6, 1937, y fallado en contra de los demandantes en abril 20, 1938.

Apeló la parte perdidosa y en su alegato señala ocho errores como cometidos por la corte sentenciadora, 1, al no tener por extinguida por pago cierta cláusula de opción de venta y arrendamiento; 2, 3 y 4, al no declarar nula *ab initio* dicha cláusula (*a*) por estar en contradicción con la ley para reprimir la usura, (*b*) por establecer el pacto de no enajenación de finca hipotecada y (*c*) por pretender crear "un increable derecho de retracto convencional"; 5, al no considerar la repetida cláusula extinguida por prescripción; 6, al no dar por enajenado cualquier derecho que hubiera podido adquirir Mercado e Hijos a virtud de la cláusula; 7, al admitir cierta evidencia, y 8, al declarar que surgió un conflicto de títulos suficiente para que el juicio de desahucio resultara no ser el apropiado para resolverlo.

En la demanda se alegó, en resumen, que los demandantes son dueños de una finca rústica de cerca de ochenta cuerdas compuesta de tres parcelas, de otra de cerca de cuarenta y dos cuerdas, de una mitad indivisa de treinta céntimos de cuerda y de otra mitad indivisa de veinte y cinco céntimos de cuerda dedicada a posible instalación de bomba para extraer agua de manantiales contiguos. Todos los terrenos se encuentran situados en Guayanilla, barrio Indios. La descripción que de ellos contiene la demanda es completa.

Alegaron además que adquirieron dichas tierras por compra a doña Elvira Olivieri constante en escritura pública de marzo 9, 1937, inscrita en el registro de la propiedad; que las mismas son segregaciones de un inmueble de mayor cabida denominado "Los Indios" que anteriormente correspondía a doña Elvira y a doña Santia Olivieri, inmueble que fué dado en arrendamiento por sus anteriores dueñas a Mario

Mercado e Hijos por término de diez años empezando en junio 2, 1927; que la comunidad existente entre doña Elvira y doña Santia se disolvió por escritura pública otorgada en agosto 20, 1936, con la concurrencia de Mario Mercado e Hijos, segregándose de la finca ''Los Indios'' las cuatro porciones de terreno descritas y adjudicándose a doña Elvira en su totalidad las dos primeras y en su mitad indivisa las dos últimas, sujetas al indicado contrato de arrendamiento; que Mario Mercado e Hijos permanecen en la posesión material de las fincas, detentando su posesión sin título desde junio 2, 1937, fecha en que venció el contrato, habiéndose negado a dejarlas a la libre disposición de sus dueños los demandantes no obstante las amistosas gestiones de éstas en tal sentido.

Basándose en los hechos que dejamos resumidos, los demandantes solicitaron sentencia ordenando el lanzamiento de la demandada de las tierras en cuestión dentro del término de ley.

La demandada excepcionó la demanda por no aducir hechos constitutivos de causa de acción, por carecer los demandantes de capacidad legal para demandar en cuanto a las porciones indivisas, por defecto de partes demandantes, por indebida acumulación de partes y de acciones y por ambigua, ininteligible y dudosa, y la contestó, negando que los demandantes fueran dueños de las tierras cuya posesión reclaman y alegando en contrario que ella es la dueña y legítima poseedora de las mismas.

Como defensas alegó que en marzo 23, 1932, por escritura pública, doña Elvira Olivieri otorgó cuatro pagarés al tenedor por las sumas de diez mil dólares de principal cada uno los tres primeros y de once mil doscientos cincuenta y seis el cuarto, todos a vencer en 1939, y para garantizarlos hipotecó dos fincas rústicas, una de ellas ''Los Indios'', reconociendo en la propia escritura que adeudaba a Mario Mercado e Hijos $41,256.89 por cuenta corriente liquidada, entregándole en

pago de dicha deuda los cuatro pagarés, pactando además lo que sigue:

"*Séptima: Opción de venta y arrendamiento:*—No obstante lo expuesto en la cláusula precedente, la deudora, como parte de la consideración de este contrato conviene con la Sociedad 'Mario Mercado e Hijos', mientras no se salde el crédito hipotecario aquí constituído, en darle preferencia para la venta o arrendamiento, de sus condominios en las fincas 'Indios' y 'Juanita' en igualdad de precio y condiciones. A este fin, la deudora, comunicará mientras no se pagare el crédito hipotecario, por carta certificada a 'Mario Mercado e Hijos', cualquier proposición de venta o arrendamiento que se les hiciere y dicha Sociedad tendrá un término de treinta días para aceptar o no las proposiciones y durante dicho plazo la deudora no podrá efectuar venta o arrendamiento a otra persona. Caso de venta o arrendamiento en violación de este convenio, 'Mario Mercado e Hijos' tendrá el derecho de retracto contra el comprador o arrendatario, el cual derecho podrá ejercitar en el término de treinta días desde la inscripción de la venta o arrendamiento para subrogarse en el lugar, grado y prelación del comprador o arrendatario."

"*Undécima:*—Convienen así mismo las partes en que la división material de dichas fincas no podrá verificarse sin el consentimiento de 'Mario Mercado e Hijos' en tanto esté vigente la hipoteca aquí constituída."

Se refiere la demandada a la escritura de división de comunidad de 1936 y alega que según su mejor información y creencia doña Elvira Olivieri, en marzo 8, 1937, vigente la cláusula de opción de la escritura de 1932 y con el deliberado propósito de defraudar a la demandada, vendió a los demandantes las fincas y condominios sujetos a la opción por cuarenta mil dólares, teniendo conocimiento los compradores del derecho de la demandada, elevándose al día siguiente, marzo 9, 1937, a escritura pública el contrato que quedó inscrito en el registro en marzo 23, 1937.

Alega además la demandada que el contrato de marzo 8, 1937, no le fué comunicado por doña Elvira ni por los demandantes con anterioridad a su celebración ni después, viniendo la demandada a tener conocimiento del mismo en marzo 10, 1937, por conducto del demandante Manuel Fran-

cisco Lluberas, y que de haber sido notificada hubiera estado dispuesta como lo está a pagar por las fincas el mismo precio que satisficieron los demandantes.

Y sigue alegando la demandada que en abril 8, 1937, y en la Corte de Distrito de Ponce, inició un pleito contra doña Elvira Olivieri y los demandantes sobre resolución de compraventa y otros extremos alegando en la demanda los hechos expuestos y haciendo referencia a otro caso civil en el que consignó la suma de $45,359.50 a disposición de los demandantes para cubrir lo satisfecho por ellos en relación con el contrato de compra de las fincas a doña Elvira.

Practicóse la prueba cuya transcripción a maquinilla abarca seiscientas sesenta y ocho páginas de papel legal y la corte como dijimos falló el pleito en contra de los demandantes. En su relación del caso y opinión después de narrar los hechos, se expresó así:

"Seis motivos de nulidad de la cláusula séptima sobre opción,· supra, alegan y discuten en su alegato los demandantes, los que han sido refutados por la demandada. La mera exposición de ellos, su discusión y resolución nos llevarían a resolver en este procedimiento sumario de desahucio los méritos y fondo del caso núm. 311 sobre resolución de contrato, supra. Creemos que esto en sí demuestra que el conflicto de títulos alegado por la demandada no está desprovisto del principio de prueba que requiere la jurisprudencia para que se desestime el desahucio. P. R. Leaf Tobacco Co. v. Colón, 50 D.P.R. 303, 306 y casos en él citados. Véase además Suau v. Pol, 44 D.P.R. 500,·504.

"El caso de Martínez v. Figueroa, 50 D.P.R. 951, 954 citado por los demandantes, consideramos que no es aplicable a los hechos de éste que resolvemos, ya que la demandada no ha atacado de nulidad el título de los demandantes sino que alega que ellos carecen de título desde la fecha en que ellos hicieron uso del derecho de opción.

"Es cierto que en el caso de Pérez v. Castro, 52 D.P.R. 274, se resolvió que la mera presentación de los autos de otro caso pendiente de resolución ante la misma Corte no es suficiente para levantar el conflicto de títulos y que por lo tanto los autos de los casos núm. 310 y núm. 311, supra, presentados como prueba en este caso no serían suficientes por sí solos para desestimar la demanda, pero de acuerdo con los hechos probados, la Corte es de opinión que la de-

mandada ha presentado prueba suficiente en apoyo de las alegaciones contenidas en dichos dos casos para dejar demostrado que el conflicto de títulos que ha alegado no está huérfano de prueba y de fundamentos legales. No deseamos, en forma alguna, adelantar, en este caso, conclusión alguna que pueda·afectar, como hemos dicho, la resolución en sus méritos de dichas acciones, pero sí hacemos constar que la prueba testifical ha demostrado (y sirva esto de ampliación a los hechos probados) que los demandantes tenían conocimiento del derecho de opción alegado por la demandada desde antes de firmarse la escritura núm. 40 de 9 de marzo de 1937, supra; que ellos sabían que la demandada estaba tratando de hacer uso de dicho derecho antes de cancelarse la hipoteca y que a la demandada nunca se le dió la oportunidad de hacer uso de la opción. Si ésta es nula o no; si fué o no cedida a la Sucesión Tous Soto y el alcance que pueda tener la escritura núm. 72 sobre ratificación otorgada el 31 de marzo de 1937, son cuestiones que no resolvemos en este caso por considerar, como hemos dicho que corresponde hacerlo al resolver el caso núm. 311, supra.''

·El extenso alegato de la parte apelante no nos convence de que el juez de distrito no escogiera la mejor línea a seguir, de acuerdo con los hechos y la ley. Es cierto que los demandantes alegaron y demostraron que tenían un título de compra inscrito en el registro sobre las tierras en cuestión y que por lo tanto prima facie debe considerárseles como los dueños legítimos de las mismas con derecho al desahucio. Pero es cierto también que las alegaciones y la prueba de la demandada suscitan una serie de cuestiones complicadas que tienden a impugnar seriamente la eficacia del título de los demandantes, y es bien sabido y se ha resuelto en un buen número de casos que el procedimiento sumario de desahucio no es el apropiado para dirimir esas cuestiones.

En tal virtud y sin entrar en el estudio y decisión de las dichas cuestiones suscitadas a los efectos de resolverlas de modo definitivo en sus méritos, ya que ello prejuzgaría la decisión de las mismas en el pleito que corresponda, debemos limitarnos a resolver que no existiendo error en el motivo que tuvo la corte para declarar la demanda sin lugar, *debe confirmarse la sentencia que dictara.*