## BUSCAGLIA v. FIDDLER.
### No. 4135.

Circuit Court of Appeals, First Circuit.
Oct. 2, 1946.

580

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., Warner Gardner, Sol., Department of the Interior, and Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Department of Interior, both of Washington, D. C., on the brief), for appellant.

Earle T. Fiddler, of San Juan, P. R., pro se.

Before DOBIE, MAHONEY and WOODBURY, Judges.

WOODBURY, Judge.

The only question presented by this appeal from the Supreme Court of Puerto Rico is the validity under the Constitution of the United States and the Puerto Rican Organic Act, 39 Stat. 951 et seq., 48 U.S.C.A. § 731 et seq., of certain provisions of the Insular Income Tax Act of 1924, Laws of Puerto Rico 1925, p. 400 et seq.[1] as amended by Act No. 18 approved June 3, 1927, Laws of Puerto Rico 1927, p. 486 et seq., imposing a higher rate of tax upon the net income derived from sources within Puerto Rico "of every individual" than is imposed upon the net income "of a resident of Puerto Rico," and denying "nonresident individuals not citizens of Puerto Rico" certain personal exemptions allowed to resident citizens.

The appellee, hereinafter referred to as the taxpayer, and his wife timely filed separate income tax returns with the Insular Treasurer for the taxable year in question, 1936, and at the time they filed their returns they apparently paid their income taxes for that year calculated on the basis and at the rate provided in the Act for residents of Puerto Rico. In 1942 the Treasurer determined a deficiency against the taxpayer by consolidating his return with that of his wife, and the taxpayer challenged the legality of this action in the Tax Court of Puerto Rico. That court sustained the taxpayer, declared the deficiency determined against him "inexistent", and ordered the Treasurer to "proceed further in the matter in accordance with the terms" of its decision. The Treasurer thereupon sent the taxpayer a "Notice and Demand" for the payment of his taxes for the year in question which the Treasurer calculated on the basis and at the rate fixed by the Income Tax Act of 1924 for United States citizens not residing in Puerto Rico, instead of on the basis and at the rate fixed for citizens who were residents of that Island. The taxpayer then moved in the Tax Court for "Reconsideration of the Treasurer's Reliquidation" of his taxes, asserting his right to be taxed as a citizen residing in Puerto Rico and alleging that if he were not so taxed he would be deprived of rights guaranteed to him by the Constitution of the United States and the Insular Organic Act. The Tax Court denied the taxpayer's motion for reconsideration solely on the ground that it presented a "new question * * * completely different" from the one originally propounded, and thereupon the taxpayer petitioned the Supreme Court of Puerto

---

[1] §§ 12(a), and 18(b) (c) (d) and (e).

Rico for a writ of certiorari. His petition was granted and in due course the Supreme Court of Puerto Rico, "annulled" the decision of the Tax Court and then, having stated that the taxpayer and his wife were "citizens of the United States and residents of Stanford, (sic) State of Connecticut," proceeded to resolve the constitutional question stated at the outset of this opinion in the taxpayer's favor. The Treasurer has taken the present appeal from the judgment entered accordingly.

 It is a settled principle of law that no court will consider the constitutionality of a statute unless the record before it affords an adequate factual basis for determining whether the challenged statute applies to and adversely affects the one who draws it in question. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 463, 65 S.Ct. 1384, 89 L.Ed. 1725, and cases cited. That is to say, there ought not to be any decision by this court or by any Puerto Rican court with respect to the validity of the provisions of the Income Tax Act of 1924, as amended, which are here in controversy except upon a record providing adequate grounds for a reliable determination that the taxpayer during the critical period was in fact a nonresident individual, not a citizen of Puerto Rico, as that term is defined in the Act and its implementing Regulations.[2] We find no basis in the record for making such a factual determination.

The taxpayer's United States citizenship is conceded, but it does not appear that the question of his "residence" has ever been litigated in any Puerto Rican court either in these proceedings or in any other. Nor has the place of his residence been either stipulated or admitted by the pleadings either below or in this court. According to the opinion of the Tax Court of Puerto Rico on the taxpayer's motion for reconsideration, (prior proceedings are not included in the record on this appeal) the taxpayer in his original complaint in the Tax Court alleged first "that he was a resident of Stanford, (sic) Connecticut," and following this that he and his wife "were married on December 26, 1916," and that he "was before, on and after the date of said marriage a citizen of, and was domiciled in, the Island of Puerto Rico." It appears further on in the same opinion that the Treasurer in his answer to the taxpayer's original complaint alleged "that on the date to which the complaint refers the plaintiff or complainant was a non-resident of Puerto Rico, since he had his residence in the State of Connecticut." But the question of the taxpayer's residence was not at issue in the original proceedings before the Tax Court. Then the only issue was whether or not the taxpayer's income tax return should be consolidated with that of his wife. And, when the taxpayer later sought to raise the question of his residence in the Tax Court by motion for reconsideration of the Treasurer's reliquidation of his taxes, that court declined to consider it for procedural reasons. The foregoing, plus the taxpayer's repetition of his original allegations in the Tax Court with respect to residence in his petition to the Supreme Court of Puerto Rico for certiorari, coupled with his oath at the conclusion of that petition that he and his wife

[2] Income Tax Regulations No. 1, Article 183.—Definition.—A "nonresident individual not a citizen of Puerto Rico" means an individual (a) whose residence is not within Puerto Rico and (b) who is not a citizen of Puerto Rico. An individual actually present in Puerto Rico who is not a mere transient or sojourner is a resident of Puerto Rico for purposes of the income tax. Whether he is a transient or not is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in Puerto Rico and has no definite intention as to his stay, he is a resident. One who comes to Puerto Rico for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the individual makes his home temporarily in Puerto Rico, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned.

were "resident of Stanford (sic) Connecticut", provide the only basis for the statement by the latter court that the taxpayer was in fact a resident of that city and state.

 But we take judicial notice that the taxpayer was admitted to the bar of our court on April 17, 1934, and to our knowledge he has been actively practicing his profession in Puerto Rico ever since. Indeed he alleges in his brief and the Treasurer in his does not deny that the taxpayer maintains a house, open the year round in Puerto Rico, conducts his business personally in Puerto Rico, but returns from time to time to the state of his "domicile".[3]

From the foregoing it seems evident that throughout these proceedings there has been consistent failure to distinguish between "residence" on the one hand and "domicile" on the other. We might go even further and conclude from the pleadings read in the light of matters within our own knowledge that the meanings of the words have been interchanged and that in actual fact the taxpayer, although "domiciled" in Stamford, Connecticut, has been a "resident" of Puerto Rico since 1934. At least we might go so far as to conclude that the taxpayer is a resident of Puerto Rico within the meaning of the Income Tax Act of 1924, since he cannot actively practice his profession in Puerto Rico personally and be there as a "mere transient or sojourner", that is, "one who comes to Puerto Rico for a definite purpose which in its nature may be promptly accomplished," but on the contrary that he is one who is there for a purpose "of such a nature that an extended stay may be necessary for its accomplishment, and to that end * * * makes his home temporarily in Puerto Rico, * * * though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned." See Regulations 1. Art. 183, quoted in footnote 2 supra.

But the record before us is so inadequate and the statements in such pleadings as are printed therein are so confusing, that it seems to us preferable to follow the procedure adopted in City of Hammond v. Schappi Bus Line, 275 U.S. 164, 48 S.Ct. 66, 72 L.Ed. 218; Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774, and Sparks v. Hart Coal Corporation, 6 Cir., 74 F.2d 697, and remand this case for a definite finding of the fact essential to the determination of the constitutional question argued before us.

The judgment of the Supreme Court of Puerto Rico is set aside and the case is remanded to that court for further proceedings not inconsistent with this opinion.

[3] Our records indicate that correspondence with the taxpayer with reference to cases in which he has appeared in our court has at his request sometimes been addressed to him in San Juan, Puerto Rico, sometimes in Stamford, Connecticut, and sometimes at addresses in New York, N. Y.