WEST INDIA OIL Co. (P. R.), demandante y apelante, *v.* RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 9709.—*Sometido:* Mayo 5, 1948. *Resuelto:* Mayo 24, 1948.

*José Carbia Miranda* y *Miranda & Miranda Esteve,* abogados de la apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. C. Santiago Matos, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Se trata en este caso de si la contribuyente debe pagar las penalidades e intereses provistos en la sección 77 de la Ley de Rentas Internas, según fué enmendada por la Ley núm. 17, Leyes de Puerto Rico, 1927 (pág. 459), por haber dejado de pagar desde 1925 a 1940 la contribución del 2 por ciento impuesta por la sección 62 de la Ley sobre las ventas de aceite combustible para consumirse en alta mar.

El problema en cuanto al pago de las penalidades e intereses no surgió hasta que se resolvió, después de un largo pleito, que la compañía debía pagar la contribución propiamente dicha. 54 D.P.R. 732; 108 F.2d 144; 311 U. S. 20. Después que se dilucidó finalmente esta última cuestión, en 1941 el Tesorero exigió el pago de la contribución, que se pagó de conformidad. Pero el Tesorero exigió al mismo tiempo que se pagaran las penalidades y los intereses a tenor con la sección 77. Éstos consistían del 10 por ciento de la contribución, o sea $15,467.29, y del 1 por ciento mensual mientras permanecía pendiente de pago la contribución, o sea $105,971.12, resultando en un total de $121,438.41. La contribuyente pagó esta última cantidad bajo protesta y demandó su reembolso ante la corte de distrito.

Ya hemos considerado la cuestión principal de derecho envuelta en este caso de reembolso de penalidades e intereses. En una apelación anterior resolvimos que la corte de distrito cometió error al eliminar de la demanda alegaciones al efecto de que desde el 1925 hasta el 1935 el Tesorero había sostenido que la sección 62 no era aplicable a estas ventas; que por consiguiente no se hizo gestión alguna durante dicho período para cobrar esta contribución; y que la compañía radicó una solicitud de sentencia declaratoria para que se determinara su responsabilidad por el pago de esta contribución debido a la nueva actitud del Tesorero en 1935. *West India Oil Co. v. Buscaglia, Tes.,* 61 D.P.R. 782.

Nuestra decisión en 61 D.P.R. 782 constituye la ley del caso. *Olmedo* v. *Rivera*, 65 D.P.R. 49; *United States* v. *Iriarte*, 166 F.2d 800, (C.C.A. 1, marzo 11, 1948); *Ekberg* v. *United States*, 167 F.2d 380, 384, escolio 4 (C.C.A. 1, marzo 25, 1948). En su consecuencia, la única cuestión que estaba ante la corte de distrito al devolvérsele el caso luego de dictada nuestra opinión en 61 D.P.R. 782, y que pende ahora ante nuestra consideración, es si la compañía probó las alegaciones en su demanda, incluyendo aquéllas que fueron erróneamente eliminadas por la corte inferior.

Después de un juicio en los méritos, la corte de distrito resolvió que desde el 1925 al 31 de diciembre de 1929 Juan G. Gallardo era Tesorero de Puerto Rico; que éste opinaba que la sección 62 no cubría las ventas aquí envueltas; y que por tanto hubiera sido inútil tratar de pagarle la contribución ya que él hubiera ordenado su devolución. Pero, según dijo la corte inferior, "después de esa fecha no se demostró que existiera la seguridad del reintegro." El juez de distrito fué de opinión que "Incumbía a la corporación demandante demostrar que hizo un *tender* o que el nuevo Tesorero, al igual que su antecesor, hubiera rechazado el *tender*, ofrecimiento de pago . . . ". Llegando a la conclusión de que un ofrecimiento de pago de la contribución a Manuel V. Domenech, quien sucedió a Gallardo como Tesorero el 2 de enero de 1930, hubiera sido aceptado por aquél, la corte inferior dictó sentencia ordenando el reembolso de las penalidades e intereses únicamente por el período comprendido entre el 1925 y el 31 de diciembre de 1929.

El único error señalado en apelación es que la corte de distrito no ordenó el reembolso de las penalidades e intereses cobrados desde el 31 de diciembre de 1929 al 30 de agosto de 1935.

█ █ La corte de distrito se equivocó en cuanto al alcance de nuestra opinión en 61 D.P.R. 782, y en cuanto al efecto del criterio administrativo del Tesorero Gallardo en

1925. Aceptamos la conclusión de la corte de distrito de que en 1925 el Tesorero había resuelto, si bien informalmente, que estas ventas no estaban sujetas a la contribución impuesta por la sección 62. En verdad, el Tesorero no ataca ahora esta conclusión. Pero una vez que la aceptemos como premisa, no podemos convenir en que la compañía venía obligada a cerciorarse al cambiarse los Tesoreros en 1929 si el Departamento había variado su posición en cuanto a esta cuestión, haciendo un ofrecimiento de la contribución al nuevo Tesorero. Por el contrario, la contribuyente tenía derecho a suponer que el criterio del Departamento de Hacienda permanecía siendo el mismo hasta que se variase y así se le informara a la contribuyente. Sería una doctrina novel y caótica si resolviéramos que todos los reglamentos, decisiones y opiniones del Departamento de Hacienda dejan de existir automáticamente cuando al Tesorero incumbente lo sustituye otro. Véanse *Pyramid Products, Inc.* v. *Buscaglia, Tes.*, 64 D.P.R. 828; *Puerto Rico Ilustrado* v. *Buscaglia, Tes.*, 64 D.P.R. 914.

Del récord surge que como cuestión de hecho no hubo cambio alguno en la posición del Departamento de Hacienda sobre este asunto hasta el 1935. La correspondencia habida entre las partes demuestra que el 30 de agosto de 1935 el Departamento de Hacienda cambió su posición y resolvió que la contribuyente debía pagar esta contribución. Por tanto, después de dicha fecha la contribuyente no tenía derecho a descansar en la anterior decisión informal que había obtenido del Tesorero, en tanto en cuanto se trataba de la responsabilidad por el pago de penalidades e intereses bajo la sección 77.[1]

*La sentencia de la corte de distrito será modificada con el fin de disponer el reembolso de las penalidades e intereses cobrados desde la fecha en que entró en vigor la Ley de Ren-*

---

[1] *Cf.* la Ley núm. 57, Leyes de Puerto Rico, 1940, donde la Legislatura, al condonarle contribuciones similares a otra contribuyente, dijo que el Departamento de Hacienda se adhería a esta interpretación desde 1925 hasta 1938.

*tas Internas de 1925 hasta el 30 de agosto de 1935, y se devolverá el caso para que se verifique la correspondiente liquidación de conformidad con esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.