E. T. FIDDLER, Petitioner, v. TAX COURT OF PUERTO RICO, Respondent; R. BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 146. Argued January 14, 1948.—Decided May 26, 1948

*José G. González, Tomás I. Nido, Jorge M. Morales,* and *Andrés Gui-llermard,* for petitioner. *Luis Negrón Fernández, Attorney General,* and *Elmer Toro Luchetti, Assistant Attorney General* for intervener, respondent in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

For a better understanding of the legal question to be discussed in this opinion, we deem it indispensable to state below a brief chronological recital of the main incidents which occurred in this case:

On July 29, 1942, the Treasurer of Puerto Rico sent to the petitioner a notice of deficiency in connection with his income tax for the calendar taxable year of 1936. On October 8 following, the petitioner filed with the extinct Court of Tax Appeals [1] a complaint in which, besides alleging that he had requested a reconsideration within the 15 days following the service of notice, and had filed the bond required by § 57(*a*) of the Income Tax Act,[2] he set up that he was married and a resident of Stamford, Conn., although domiciled in the Island of Puerto Rico, and that the Treasurer of Puerto Rico had notified him of a deficiency as a result of the consolidation of the returns filed by him and his wife for said year. The Treasurer answered and maintained, among other things, that the complainant was not a resident of Puerto Rico. Subsequently, the parties filed a stipulation in which they agreed that the legal questions involved therein were identical to those argued and decided in the cases of *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460; *Casal* v. *Sancho Bonet, Treas.,* 53 P.R.R. 609 and *Buscaglia, Treas.,* v. *Court of Tax Appeals,* 62 P.R.R. 416; and on October 19, 1943, the Tax Court rendered a decision sustaining the complaint and holding that the deficiency involved was nonexistent. On October 29 of the same year, the Treasurer sent to the petitioner a

---

[1] The Court of Tax Appeals, created by Act No. 172 of 1941 (Laws of 1941, p. 1038) was succeeded by the Tax Court, when said Act was amended by Act No. 169 of 1943 (Laws of 1943, p. 600).

[2] Act No. 74 of August 6, 1925 (Laws of 1925, p. 400).

so-called "Notice and Demand," in which the tax of the complainant and his wife was calculated at the rate applicable to nonresident American citizens. Four days afterward the petitioner filed with the Tax Court a "Motion for Reconsideration of the Treasurer's Reliquidation," and thereupon that tribunal issued, on January 7, 1944, an order setting forth that, since the question raised was one of "indisputable juridical importance," it ordered the Attorney General to answer the memorandum filed by the complainant within the term of 15 days. It was so done by that officer, and on March 20, 1945, the Tax Court rendered an opinion in which it stated: "What the complainant has really done now is to attempt to raise in this court a new question of law, under the title of 'Motion for Reconsideration of the Treasurer's Reliquidation,' "and it held that the petitioner should not improperly set up by said motion a new question, a complaint wholly different from the one that was originally filed on October 8, 1942, and it denied complainant's motion.

At this stage, on April 18, 1945, the petitioner filed a petition for certiorari in this Court, and two days later the proper writ was issued directed to the Tax Court. After the corresponding briefs were filed and a hearing held, this Court rendered, on July 6, 1945, the opinion which appears in 65 P.R.R. 189. By virtue thereof the decision sought to be reviewed, which was rendered by the Tax Court on March 20 of that same year, was set aside and the case remanded to that tribunal for further proceedings not inconsistent with the said opinion. Feeling aggrieved by our decision, the Treasurer of Puerto Rico on October 5, 1945, took an appeal to the U. S. Circuit Court of Appeals for the First Circuit, and said court, on October 2, 1946, set aside the judgment of this Court and remanded the case for further proceedings not inconsistent with its opinion.[3] After the mandate was received from the Circuit Court, this Court, on November 12,

---

[3] *Buscaglia* v. *Fiddler*, 157 Fed.(2d) 579.

1946, set a hearing in order that the parties should submit their views "regarding the disposition which should be made of the present case." After said hearing was held, on the 20th following we ordered "that the said mandate be sent to the Tax Court of Puerto Rico for the proper proceedings." After such remand the Tax Court, on December 5, 1946, entered an order directing the Treasurer, in harmony with its decision of October 19, 1943, which we have already mentioned, to proceed to compute and assess the tax due, on the ground that "no new deficiency was involved but a question of law which the appellant forgot to raise originally and then attempted to set up upon requesting a reliquidation of the tax which was notified to him through the former computation." The petitioner requested a reconsideration of that order on December 16, 1946, and after the matter was submitted by the parties, the Tax Court on February 12, 1947, rendered an extensive opinion wherein it set aside its prior decision of December 5, 1946, and refused to take jurisdiction of the appeal, on the ground that, if the Notice and Demand served on the petitioner by the Treasurer of Puerto Rico on October 29, 1943, was equivalent to a notice of deficiency that tribunal lacked jurisdiction to consider the question (1) because such deficiency was not notified by registered mail as required in mandatory terms by § 57 (a) of the Income Tax Act; (2) because the taxpayer had not exhausted the administrative remedies, since he had failed to request a reconsideration and an administrative hearing, as required by the above-mentioned Section of the Act; and (3) because the bond referred to in § 57 (a) had not been filed. On February 17, 1947, the petitioner filed in this Court a motion praying for the annulment of the above-mentioned decision of the Tax Court of February 12. That motion was denied by us without prejudice to the right of the petitioner to seek a review of the proceedings had in accordance with the law.

The petitioner thereupon filed the petition for certiorari now under discussion. The writ was issued, the correspond-

ing briefs were filed, and the parties were heard in due course. The gist of the question to be decided is whether, in view of the attendant circumstances, the Tax Court was justified in holding that it lacked jurisdiction to take cognizance of the case, or whether on the contrary, is was its duty to strictly comply with the mandate received.

█ It is a well-known general principle of law that when a case is decided by a superior court, and the mandate is received by the lower court, it is the duty of the latter tribunal to confine itself to a compliance with what is ordered, and the decision of the superior court constitutes the law of the case. *Sprague* v. *Ticonic Bank,* 307 U. S. 161; *In re Sanford Fork and Tool Company,* 160 U.S. 247, 255; *United States of America* v. *Celestino Iriarte, Jr.,* decided by the U.S. Circuit Court of Appeals for the First Circuit on March 11, 1948, and *West India Oil Co.* v. *Buscaglia, Treas. ante,* p. 733. The Tax Court so understood it; but it thought that, notwithstanding the existence of that rule, it could consider and decide a privileged question like that of jurisdiction. Cf. *Aspen Mining & Smelting Co.* v. *Billings,* 150 U.S. 31, 37, and cases cited therein.

██ However, it should be stated that when the proceeding was originally submitted to us—although the precise jurisdictional question decided by the Tax Court as above stated was not directly raised by the parties or discussed by us— we held that the Notice and Demand sent by the Treasurer to the petitioner, in which the rate applicable to nonresidents was taken as a basis, was equivalent to a notice of deficiency, and we assumed jurisdiction of the case and determined the constitutional question raised therein. The fact that we erred in making that determination—and for the purpose of this opinion such an error may be conceded [4]—does not mean that our decision does not constitute the law of the case as to the particular in question and that the Tax Court may

---

[4] See *Mayagüez Lt., P. & I. Co.* v. *Tax Court,* 65 P.RR. 28, and *Irizarry* v. *Tax Court,* 67 P.R.R. 896.

decide now that it lacks jurisdiction to take cognizance of the case on the grounds set forth by it, especially when this tribunal, in specifically passing upon the scope of the Notice and Demand, clearly stated, we repeat, that the same was equivalent to a notice of deficiency, and it assumed jurisdiction and took cognizance of the case on the merits. It is true that the judgment rendered by us was set aside, but the opinion delivered by the Circuit Court clearly shows that the ground for reversal was other than that the Notice and Demand could not, under the attendant circumstances, be considered as a notice of deficiency.

The Circuit Court in its opinion (157 F.(2d) 579, 581) stated: "The taxpayer's United States citizenship is conceded, but it does not appear that the question of his 'residence' has ever been litigated in any Puerto Rican court either in these proceedings or in any other. Nor has the place of his residence been either stipulated or admitted by the pleadings either below or in this court." And in the penultimate paragraph of its opinion it said: "But the record before us is so inadequate and the statements in such pleadings as are printed therein are so confusing, that it seems to us preferable to follow the procedure adopted in *City of Hamond* v. *Schappi Bus Line*, 275 U.S. 164, 48 S. Ct. 66, 72 L. ed. 218; *Mayo* v. *Lakeland Highlands Canning Co.*, 309 U.S. 310, 60 S. Ct. 517, 84 L. ed. 774, and *Sparks* v. *Hart Coal Corporation*, 6 Cir., 74 F.(2d) 697, and *remanded this case for a definite finding of the fact essential to the determination of the constitutional question argued before us.*" (Italics ours.) In view of those considerations, as we have already stated, it set aside the judgment of this Court and remanded the case for further proceedings not inconsistent with its opinion. Those further proceedings could be no other than the determination of the essential fact of the residence of the petitioner and, after hearing the proper evidence, the decision in the first instance by the Tax Court of Puerto Rico of the constitutional question raised by the petitioner.

A certified copy of the Mandate of the Circuit Court was sent to the Tax Court on November 21, 1946, accompanied by a certified copy of our order of November 20 of the same year. In said order, we directed that said mandate be sent for the proper proceedings. Said proceedings, we repeat, could be no other than those stated above. What we decided with respect to the Notice and Demand constitutes for the respondent tribunal the law of the case.

For the reasons stated and with a view to a strict compliance with the mandate of the U. S. Circuit Court of Appeals for the First Circuit dated November 2, 1946, the decisions rendered by the Tax Court on December 5, 1946, and February 12, 1947, are hereby reversed, and it is ordered that the latter tribunal proceed to hold such hearings as may be necessary to determine the residence of the petitioner and his wife and to decide accordingly the constitutional question raised by them in connection with such residence.

Mr. Justice De Jesús did not participate herein.