E. T. Fiddler, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; R. Buscaglia, Tesorero de Puerto Rico, interventor.

Núm. 146.—*Sometido:* Enero 14, 1948. *Resuelto:* Mayo 26, 1948.

*José G. González, Tomás I. Nido, Jorge M. Morales* y *Andrés Guillemard,* abogados del peticionario; *Hon. Procurador General Luis Negrón Fernández* y *Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal..

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Para una mejor comprensión de la cuestión legal a ser discutida en esta opinión, nos parece indispensable hacer a continuación una ligera reseña cronológica de los incidentes principales ocurridos en este caso:

En 29 de julio de 1942 el Tesorero de Puerto Rico envió al peticionario una notificación de deficiencia en relación con las contribuciones sobre ingresos de éste para el año natural contributivo de 1936. El peticionario acudió en octubre 8 siguiente ante el extinto Tribunal de Apelación de Contribuciones[1] con una querella, en la que en adición a alegar que había solicitado reconsideración dentro de los 15 días siguientes y prestado la fianza exigida por la sección 57(a) de la Ley de Contribuciones sobre Ingresos,[2] sostuvo que era casado y residente de Stamford, Conn., aunque domiciliado en la Isla de Puerto Rico, y que el Tesorero de Puerto Rico le había notificado una deficiencia como resultado de la consolidación de las planillas de él y su esposa para el referido año. Contestó el Tesorero y sostuvo, entre otras cosas, que el querellante no era un residente de Puerto Rico. Posteriormente las partes radicaron una es-

---

[1] El Tribunal de Apelación de Contribuciones creado por la Ley núm. 172 de 1941 (pág. 1039) fué sucedido por el Tribunal de Contribuciones, al ser enmendada dicha ley por la número 169 de 1943 (pág. 601).

[2] Ley número 74 de 6 de agosto de 1925 (pág. 401).

tipulación, mediante la cual convenían en que las cuestiones legales envueltas en el mismo eran idénticas a las discutidas y resueltas en los casos de *Ballester* v. *Tribunal de Apelación de Contribuciones,* 61 D.P.R. 474, *Casals* v. *Sancho Bonet, Tes.,* 53 D.P.R. 640 y *Buscaglia, Tes.* v. *Tribunal de Apelación de Contribuciones,* 62 D.P.R. 436, y el Tribunal de Contribuciones dictó en 19 de octubre de 1943 una decisión declarando con lugar la querella y resolviendo que la deficiencia objeto de la misma era inexistente. En 29 de octubre del indicado año el Tesorero envió al peticionario una llamada Notificación y Requerimiento (*Notice and Demand*), en la cual se calculaba la contribución del querellante y su esposa al tipo aplicable a ciudadanos americanos no residentes. Cuatro días más tarde el peticionario archivó ante el Tribunal de Contribuciones una "Moción solicitando, reconsideración de reliquidación hecha por el Tesorero" y en respuesta a ella dicho Tribunal dictó en 7 de enero de 1944 una orden en que hacía constar que siendo la cuestión planteada de "indiscutible importancia jurídica" ordenaba al Procurador General que contestara el memorándum archivado por el querellante dentro del plazo de 15 días. Así lo hizo éste y en 20 de marzo de 1945 el aludido Tribunal de Contribuciones dictó una opinión en que dice: "Lo que, en realidad, ha hecho ahora el querellante es tratar de suscitar ante este Tribunal una cuestión de derecho nueva, bajo el títutlo de 'Moción solicitando reconsideración de reliquidación hecha por el Tesorero,'" resolvió que el peticionario no debía impropiamente presentar allí por medio de esa moción un problema nuevo, una querella completamente distinta a la que fuera registrada originalmente con fecha 8 de octubre de 1942, y declaró sin lugar la moción del querellante.

Así las cosas, en 18 de abril de 1945 acudió el peticionario con una solicitud de *certiorari* ante este Tribunal y el auto correspondiente fué expedido contra el Tribunal de

Contribuciones dos días más tarde. Radicados los alegatos de rigor y visto el recurso, este Tribunal emitió en julio 6 de 1945 la opinión que aparece en 65 D.P.R. 202. A virtud de ella anuló la resolución recurrida dictada por el Tribunal de Contribuciones en 20 de marzo del mismo año a que ya hemos aludido, y ordenó la devolución del caso a dicho Tribunal para ulteriores procedimientos no inconsistentes con la opinión emitida. No conforme, el Tesorero de Puerto Rico apeló en 5 de octubre de 1945 para ante la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito y dicha Corte en 2 de octubre de 1946 dejó sin efecto la sentencia de este Tribunal y devolvió el caso para ulteriores procedimientos no inconsistentes con su opinión.[3] Recibido el *Mandato* de la Corte de Circuito, en 12 de noviembre de 1946 este Tribunal dictó resolución señalando una audiencia para que las partes informaran "en cuanto a la disposición que deba darse al presente caso." Celebrada dicha audiencia, el día 20 del mismo mes y año ordenamos "que se envíe al Tribunal de Contribuciones de Puerto Rico el dicho Mandato a los fines que procedan". Remitido el Mandato al Tribunal de Contribuciones, éste en 5 de diciembre de 1946 dictó resolución ordenando al Tesorero que en armonía con su resolución de octubre 19 de 1943, a que ya hemos hecho referencia, proceda a computar y tasar la contribución adeudádale, fundándose dicho Tribunal en que "no se trataba de una nueva deficiencia, sino de una cuestión de derecho que el apelante olvidó plantear originalmente y pretendió dilucidar al solicitar una reliquidación de la contribución que aparecía notificada al través del cómputo de marras." De esa resolución el peticionario solicitó reconsideración en 16 de diciembre de 1946 y sometida la misma por las partes, el Tribunal de Contribuciones emitió una extensa opinión en 12 de febrero de 1947, a virtud de la cual deja sin efecto su anterior decisión de 5

---

[3]*Buscaglia* v. *Fiddler*, 157 F.2d 579.

de diciembre de 1946 y se declara sin jurisdicción para conocer del recurso, basándose en que si la Notificación y Requerimiento hecha por el Tesorero de Puerto Rico al peticionario en 29 de octubre de 1943 equivalió a una notificación de deficiencia dicho Tribunal carecía de jurisdicción para considerar la cuestión (1) debido a que tal deficiencia no fué notificada por correo certificado, según requiere en términos imperativos la sección 57(a) de la Ley de Contribuciones sobre Ingresos; (2) porque el contribuyente no había agotado la vía administrativa, ya que no solicitó reconsideración y vista administrativa, tal cual lo exige la referida sección de la Ley; y (3) por no haberse prestado la fianza a que alude la sección 57(a). Acudió entonces el peticionario en 17 de febrero de 1947 ante nos con una moción solicitando anuláramos la mencionada resolución del Tribunal de Contribuciones de 12 de febrero del mismo año. Esa moción fué declarada sin lugar por nosotros, sin perjuicio del derecho del peticionario a solicitar la revisión de los procedimientos de conformidad con la ley.

En vista de todo ello, acudió entonces el peticionario con la solicitud de certiorari que está ahora ante nuestra consideración. El auto fué librado, los alegatos de rigor fueron radicados y las partes oídas en una vista pública. El nervio de la cuestión a ser resuelta es si dadas las circunstancias concurrentes el Tribunal de Contribuciones estuvo justificado en resolver que carecía de jurisdicción para conocer del caso o si por el contrario era su deber dar cumplimiento estricto al Mandato recibido.

Es principio general de derecho harto conocido que cuando un caso es resuelto por un tribunal superior y el Mandato es recibido por un tribunal inferior, el deber de éste es limitarse a dar cumplimiento a lo ordenado y lo resuelto por el tribunal superior constituye la ley del caso. *Sprague* v. *Ticonic Bank*, 307 U.S. 161; *In re Sanford Fork and Tool Company*, 160 U.S. 247, 255; *United States of*

852

*America* v. *Celestino Iriarte, Jr.,* resuelto por la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito en 11 de marzo de 1948, 166 F.2d 800 y *West India Oil Co.* v. *Buscaglia, Tes.,* ante, pág. 792. El Tribunal de Contribuciones así lo entendió, pero creyó que no obstante la existencia de ese principio podía considerar y resolver una cuestión privilegiada como la de jurisdicción. Cf. *Aspen Mining & Smelting Co.* v. *Billings,* 150 U.S. 31, 37 y casos en él citados.

■ Diremos, no obstante, que cuando el recurso estuvo originalmente ante nuestra consideración—aunque la cuestión jurisdiccional tal cual ha sido resuelta por dicho Tribunal de Contribuciones no fué directamente planteada por las partes ni discutida por nosotros—decidimos que la Notificación y Requerimiento enviada por el Tesorero al peticionario, en que se tomaba como base el tipo aplicable a los no residentes, equivalió a la notificación de una deficiencia, asumimos jurisdicción del caso y resolvimos la cuestión constitucional que allí se planteaba. El hecho de que al así resolver estuviéramos equivocados, y a los fines de esta opinión podemos aceptar que lo estuvimos,[4] no quiere decir que nuestra decisión no constituya la ley del caso en cuanto a ese extremo y que el Tribunal de Contribuciones pueda resolver ahora que no tiene jurisdicción para conocer del mismo por los motivos por ella enunciados, especialmente, cuando esta Corte al pasar específicamente sobre el alcance de la Notificación y Requerimiento claramente expresó, repetimos, que la misma equivalía a la notificación de una deficiencia, asumió jurisdicción y conoció del asunto en sus méritos. Verdad es que la sentencia dictada por nosotros fué dejada sin efecto, pero la opinión emitida por la Corte de Circuito demuestra claramente que el motivo de la revocación fué otro y no que la Notificación y Requerimiento

---

[4] Véanse *Mayagüez Lt., P. & I. Co.* v. *Tribl. Contribuciones,* 65 D.P.R. 30 e *Irizarry* v. *Tribunal de Contribuciones,* 67 D.P.R. 953.

no pudiera considerarse, dentro de las circunstancias que concurrieron, como una notificación de deficiencia.

La Corte de Circuito dice en su opinión, (157 F.2d 579, 581) que: "Se admite que el contribuyente es un ciudadano de los Estados Unidos, mas no aparece que la cuestión de su 'residencia' haya sido jamás litigada ante cualquier corte de Puerto Rico, ya sea en este procedimiento o en cualquiera otro. Tampoco ha habido estipulación o admisiones en las alegaciones radicadas en el Tribunal inferior o en esta Corte, sobre el lugar de su residencia." Y en el párrafo antepenúltimo de su opinión se expresa así: "Pero los autos que están ante nos son tan inadecuados y las aseveraciones que aparecen en las alegaciones impresas son tan confusas, que nos parece preferible seguir el procedimiento adoptado en *City of Hammond* v. *Schappi Bus Line*, 275 U.S. 164, 48 S.Ct. 66, 72 L. Ed. 218; *Mayo* v. *Lakeland Highlands Canning Co.*, 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774, y *Sparks*. v. *Hart Coal Corporation*, 6 Cir., 74 F.2d 697, y *devolver este caso para que se haga una conclusión definitiva del hecho esencial necesario para la determinación de la cuestión constitucional discutida ante nos.*" (Bastardillas nuestras.) Con estas consideraciones dejó sin efecto, como ya hemos dicho, la sentencia de este Tribunal y devolvió el caso para ulteriores procedimientos no inconsistentes con su opinión. Esos ulteriores procedimientos no podían ser otros que la determinación del hecho esencial de la residencia del peticionario, y, luego de oír tal prueba, la decisión en primera instancia por el Tribunal de Contribuciones de Puerto Rico de la cuestión constitucional planteada por el peticionario.

Copia certificada del Mandato de la Corte de Circuito fué enviada al Tribunal de Contribuciones en 21 de noviembre de 1946, acompañada de copia fiel de nuestra resolución de 20 del mismo mes y año. En esta última ordenamos se enviara dicho Mandato a los fines que procedan. Esos fi-

nes, repetimos, no podían ser otros que los ya expuestos. Lo resuelto por nosotros sobre la Notificación y Requerimiento constituye para el Tribunal inferior la ley del caso.

Dadas las consideraciones anteriores y a fin de dar cumplimiento estricto al Mandato de la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito, por ella librado en 2 de noviembre de 1946, *se revocan las resoluciones dictadas por el Tribunal de Contribuciones en 5 de diciembre de 1946 y 12 de febrero de 1947 y se ordena a dicho Tribunal que proceda a celebrar las vistas que sean necesarias para determinar la residencia del peticionario y su esposa y a resolver, en su consecuencia, la cuestión constitucional por ellos planteada en relación con tal residencia.*

El Juez Asociado Sr. De Jesús no intervino.