458

Manuel Francisco Lluberas Pasarell y Otros, demandantes, apelados y apelantes, *v.* Mario Mercado e Hijos, Etc., demandada, apelante y apelada.

Número 10614.
*Sometido:* 8 de noviembre de 1954. *Resuelto:* 24 de noviembre de 1954.

*Pedro M. Porrata, Charles Cuprill* y *Santiago Polanco Abréu,*

abogados de la demandada, apelante y apelada; *Leopoldo Tormes García,* abogado de los demandantes, apelados y apelantes.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

La historia de este litigio se halla en *Lluberas* v. *Mario Mercado e Hijos,* 55 D.P.R. 41; *Mario Mercado e Hijos* v. *Olivieri,* 60 D.P.R. 877, confirmado en *Mercado* v. *Commins,* 322 U. S. 465; y *Lluberas* v. *Mario Mercado e Hijos,* 75 D.P.R. 7. En el último caso confirmamos la sentencia del tribunal sentenciador en tanto en cuanto resolvió que la posesión y el uso de las fincas aquí envueltas por la demandada desde el 2 de junio de 1937 hasta el 3 de noviembre de 1945 fué de mala fe y que los demandantes tenían derecho a recobrar de la demandada los frutos producidos o podidos producir durante ese período. Sin embargo, revocamos la sentencia que concedió la suma de $41,345.56 por tales frutos porque el tribunal sentenciador tomó en consideración al determinar éstos una estadística y una Tabla que aparecen en un libro titulado "La Industria del Azúcar de Caña en Puerto Rico", publicado por la Junta de Salario Mínimo, que no había sido admitido en evidencia. Por tanto revocamos la sentencia y devolvimos el caso al tribunal sentenciador indicando que ". . . el deber del tribunal a quo era basar su sentencia en la prueba sometida por una y otra parte, dirimiendo el conflicto en la misma, dando crédito a la que a su juicio lo merecía y llegando a las conclusiones que en su opinión procedieran."

Cuando nuestro mandato llegó al Tribunal Superior, éste requirió de las partes que le informaran en cuanto a la disposición que debería darse al caso. Ninguna solicitó presentar prueba adicional; ambas partes en efecto asumieron la posición de que el tribunal sentenciador decidiera el caso a base de la prueba aducida en la vista anterior. Posteriormente, el tribunal sentenciador dictó una resolución en que decía (1) que al interrogar un testigo el abogado de la de-

mandada se había referido al libro titulado "La Industria del Azúcar de Caña en Puerto Rico", y (2) que el tribunal sentenciador creyó conveniente consultar dicho libro al decidir el caso, según había hecho en su primera sentencia. El tribunal por consiguiente fijó fecha para oír a las partes sobre el asunto y darles una oportunidad de explicar o refutar dicho libro y la tabla que aparece en el mismo. En dicha vista los demandantes manifestaron que no tenían objeción al uso por el tribunal sentenciador de la información contenida en el libro, pero la demandada asumió la posición de que nuestro mandato y nuestra opinión en 75 D.P.R. 7 impedían al tribunal así hacerlo.

En sus "Conclusiones y Opinión" resolviendo el caso por segunda vez el tribunal sentenciador insertó un largo escolio en que insistía, con todo el debido respeto y deferencia a este Tribunal, que no había cometido error en su anterior decisión al tomar en consideración el libro publicado por la Junta de Salario Mínimo y la Tabla y la estadística que en él aparecen. Afirmaba asimismo que ahora podía tomar dicha información en consideración en vista del hecho de que le dió a las partes la oportunidad de explicarla, citando la opinión del Juez Asociado Sr. de Jesús en *Rosado* v. *Rosario,* 69 D.P.R. 169, 173, escolio 1.(¹) Sin embargo, el tribunal sentenciador dijo que ". . . no es indispensable ahora, como no lo fué originalmente, descansar . . . en el mencionado libro . . . para resolver este caso." El tribunal entonces manifestó en sustancia que, a base de la prueba en autos, reiteraba sus conclusiones de hechos en cuanto a que los frutos a que tenían derecho los demandantes ascendían a $41,345.56, según aparece en nuestra opinión en 75 D.P.R. 7. El tribunal también declaró sin lugar la petición de los demandantes para que se les concedieran intereses sobre las sumas otorgádasles

---

(¹) En el caso de *Rosado* no hubo opinión de mayoría. Esto se hizo constar claramente en la versión en español, 69 D.P.R. 169, 170. Además, las tablas en dicho caso se referían a un problema algo diferente al libro aquí envuelto según se aplica a los hechos de este caso.

como frutos y reafirmó su decisión de la primera vista al efecto de que los demandantes no tenían derecho a los frutos en relación con las cosechas de cocos y de maíz, pero que tenían derecho a $4,000 para honorarios de abogados.

■■ El primer señalamiento de la demandada-apelante es que el tribunal sentenciador no cumplió con nuestro mandato de que no tomara en consideración el libro "La Industria del Azúcar de Caña en Puerto Rico". No nos detendremos a considerar la manifestación del tribunal sentenciador de que cometimos error en nuestra primera decisión con respecto al uso que él diera a dicho libro. "Los pleitos deben terminar en algún momento." *Olmedo* v. *Rivera,* 65 D.P.R. 49, 56. Nuestra decisión en 75 D.P.R. 7 constituye la ley del caso. *West India Oil Co. (P. R.)* v. *Buscaglia, Tes.,* 68 D.P.R. 792, 794. Al recibir nuestro mandato, ". . . el deber . . . [del tribunal inferior] es limitarse a dar cumplimiento a lo ordenado . . .". *Fiddler* v. *Tribl. Contribuciones,* 68 D.P.R. 847, 851. Tampoco nos concierne si en la nueva vista, sin presentar en evidencia el libro en cuestión, el tribunal sentenciador podía tomarlo en consideración usando el método especificado en la opinión del Juez de Jesús en *Rosado* v. *Rosario,* supra, 173, escolio 1. *Cf.* escolio 1 de esta opinión. Ésta es una cuestión especulativa ya que el tribunal sentenciador finalmente basó su sentencia en la otra prueba que había en autos. Por tanto no podemos convenir con la demandada en que el tribunal sentenciador no dió cumplimiento a nuestro mandato de que no tomara en consideración el libro en cuestión al determinar la cuantía de los frutos a que los demandantes tenían derecho.

■ El segundo error se relaciona con el primero. Aquí la demandada-apelante afirma que, al usar la tabla del libro publicado por la Junta de Salario Mínimo, el tribunal sentenciador no dió consideración al hecho de que una tercera parte o más del beneficio que produce una tonelada de cañas pertenece al molino que la muele. Como ya se ha indicado, el tribunal sentenciador no descansó en la tabla al resolver final-

mente el caso. Además, la otra prueba en que descansó cla-- ramente se refiere al ingreso neto del agricultor.

■ El tercer señalamiento es que el tribunal sentenciador cometió error al apreciar la prueba. No vemos fin práctico alguno en detallar toda la prueba que desfiló en este caso. Basta decir que encontramos que hay evidencia suficiente en los autos para sostener la sentencia. El cuarto error se dirige a la concesión a los demandantes de $4,000 para honorarios de abogado. No encontramos error alguno de parte del tribunal sentenciador a este respecto.

■■ En cuanto a la apelación de los demandantes, no podemos convenir en que los autos nos obligan a concederles frutos por las cosechas de cocos y de maíz. De igual forma, no tienen derecho a intereses sobre las cantidades que se les concedieron como frutos hasta después de la sentencia. Véanse *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 705, y casos citados. Nada hay en *Costas* v. *G. Llinás & Co.*, 66 D.P.R. 730, 750, escolio 15, en sentido contrario.

*La sentencia del Tribunal Superior será confirmada.*

Los Jueces Asociados Sres. Negrón Fernández, Ortiz y Belaval no intervinieron.