Per curiam.
On May 19, 1953 this Court rendered judgment in the case of Roig Commercial Bank v. Treas. of P. R., 74 P.R.R. 919, reversing the judgment rendered by the Superior Court of Puerto Rico in that portion which awarded to plaintiff, as a credit against its income tax, the amount paid to the Federal Government as income tax for interest received on bonds of the United States of America. Since the present case involves a similar question, judgment was rendered in identical terms.
Pursuant to the judgment rendered by the Supreme Court, the Secretary of the Treasury, on February 12, 1954 notified to plaintiff a “computation of the income subject to taxation.” Plaintiff challenged this computation on the ground that the Secretary failed to include as a deduction the total amount of the income tax paid to the Government *873 of the United States, pursuant to the provisions of § 32 (a) (3) of the Income Tax Act of 1924. The Superior Court dismissed the challenge and approved the computation submitted and the taxpayer appealed.
In Roig Commercial Bank v. Secretary of the Treasury, 82 P.R.R. 358 (1961), we held that the taxpayer was right and that such item may be included as a deduction from its gross income. Respondent court therefore erred in dismissing the objection to the computation made by .appellant.
 The Secretary insists, however, that this question of deduction was not raised originally in the pleadings, that they confined themselves to claiming the same amount as a credit, and that it can not therefore be raised for the first time in the incident on approval of the computation. In Buscaglia, Treas. v. Tax Court, 67 P.R.R. 12, 15 (1947), we said that “The hearing on the computation, if any takes place, should be confined to a mathematical dispute. The parties must be made to understand that they cannot litigate piecemeal. They must present their entire case originally. The hearing on the computation must be confined to that issue alone, and cannot be utilized as a device to relitigate issues which were or should have been presented to the Tax Court at the hearing on the merits. González Padín Co., Inc. v. Tax Court, 66 P.R.R. 909. If either party wishes at that time to raise an issue which should have been litigated in the proceeding itself, the Tax Court should refuse to entertain it, except pursuant to a motion to vacate the ■decision and to hold a new hearing with suitable amendment ■of the pleadings. And the Tax Court should grant such a motion rarely and only for the most substantial reasons.” And in Community of the Heirs of Fajardo v. Tax Court, 73 P.R.R. 499, 511 (1952), we added that where the trial court goes into the merits of new substantive questions when .a computation is submitted, we have under the circumstances *874 of some cases refused to reverse on that ground, provided the parties had their day in court. Considering the concurring circumstances in the present case, we believe that the court could take cognizance of the question raised for the first time in the incident on approval of the computations because: (a) in reality, the taxpayer could not raise the question of deduction until its claim for the same amount as a credit was passed upon, since § 32(a) (3) only admits as a deduction “taxes paid or accrued within the taxable year except ... so much of the income taxes imposed by the authority of the United States ... as is allowed as a credit under section 36”;[1] (b) that the question raised did not call for the holding of a hearing to pass upon the questions of fact; and (c) that in any event the motion challenging the computation may be regarded as a supplemental averment which certainly facilitates the presentation of the' case, and does not prejudice at all the defense in opposition thereto which the Secretary could set up, since such defense is purely one of law.[2] See Fiddler v. Tax Court, 65 P.R.R. 189, 191 (1945), reversed on other grounds in 157 F.2d 579 (1946), where we granted leave to raise for the first time a constitutional question in the incident on review of computations.
For the reasons stated, the judgment appealed from will be reversed and the case is remanded for further proceedings not inconsistent with this opinion.

 Perhaps the taxpayer could have formulated its original pleadings; in the alternative, Rule 8(f) of the Rules of Civil Procedure of 1943, counterpart of Rule 6.5(b) of the Rules of Civil Procedure of 1958 (32 L.P.R.A. App. Supp. R. 6.5(b)); Balzac v. Torres, 68 P.R.R. 908 (1948), but this omission should not defeat its right especially if we-consider the established administrative practice of the Secretary of allowing such amount as deduction. See footnote 3 of the opinion in Roig Commercial Bank v. Sec. of the Treas., 82 P.R.R. 358 (1961).

 Rule 15(b) of the Rules of Civil Procedure of 1943, counterpart of Rule 13.2 of the Rules of Civil Procedure of 1958 (32 LJP.R.A-App. Supp. R. 13.2).