PAN AMERICAN WORLD AIRWAYS, INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FAUSTO RAMOS QUIRÓS, JUEZ, demandado; ELADIO MARRERO y OTROS, interventores.

Número: O-68-287 Resuelto: 18 de junio de 1969

*Hartzell, Fernández, Novas & Ydrach,* abogados de la peticionaria; *Antonio José Amadeo, José A. Suro, Elí Beléndez García, Ángel A. García* y *José E. Amadeo,* abogados de los interventores.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Los antecedentes del presente caso se exponen detalladamente en *Pan American* v. *Tribunal Superior,* 86 D.P.R. 139

(1962). Baste ahora recordar que en lo que es pertinente allí resolvimos que los empleados de la mencionada línea aérea sólo tenían derecho a que se les satisficieran las horas extras a razón de tiempo y medio, salvo aquellas en exceso de doce horas diarias o cuarenta y ocho semanales o trabajadas durante el séptimo día, en que por disposición contractual de los convenios colectivos vigentes se les compensaría a tiempo doble. A renglón seguido al disponer de la causa dijimos:

". . . parecería que la disposición apropiada de este recurso sería revocar la resolución dictada *y desestimar la querella en todas sus partes*, pues como indicamos en la relación de los hechos, de las declaraciones juradas que se acompañaron a la moción de sentencia sumaria, y las cuales no fueron controvertidas, se desprende que *se les compensó debidamente las horas extras*. Sin embargo, de una lectura de tres de los convenios colectivos que se unieron a dicha moción, surge que es posible que, *con motivo de los cambios de turnos*, los querellantes hayan trabajado en exceso de 8 horas diarias durante 24 horas consecutivas o durante el día de descanso, las cuales se les compensaron a tipo sencillo. Como el 'Disponiéndose' del artículo 5 provee el pago, cuando menos, a tiempo y medio del tipo regular, es posible que no haya una ausencia total de causa de acción." (Énfasis nuestro.)

En consecuencia anulamos el auto expedido y devolvimos el caso al tribunal de instancia "para ulteriores procedimientos no inconsistentes con [la] opinión." El alcance de nuestra actuación fue el de ordenar al Tribunal Superior que examinara los hechos según establecidos en virtud de la solicitud de sentencia sumaria de la parte allí demandada a la luz de lo establecido en *Ponce Ramos* v. *Fajardo Sugar Company*, 85 D.P.R. 599 (1962), que dicho sea de paso, no había sido todavía resuelto cuando se emitió la resolución en el incidente sobre sentencia sumaria.

Al remitirse el expediente el tribunal a quo, a instancias de la parte querellante, en 22 de junio de 1965 designó comisionado especial al Lic. Elí B. Arroyo, con la encomienda

de que examinara los récords de asistencia diaria durante el período a que se refiere la reclamación, a los fines de determinar si los querellantes "fueron compensados *a tiempo y medio* por trabajo realizado en exceso de 8 horas durante el período consecutivo de veinte y cuatro (24) horas, *con motivo del cambio de turnos,* o en su día de descanso." Varios meses después, los querellantes solicitaron que se ampliara la encomienda del comisionado para que incluyera una relación de horas extras trabajadas en cualquiera circunstancias y no únicamente por efecto de los cambios de turno. Anticipamos que específicamente se referían a varios minutos anteriores a la hora del comienzo de la jornada diaria de labor que aparecen al marcarse las tarjetas de asistencia. A esta solicitud se proveyó mediante una resolución que, aunque confusa en su redacción, accedía a lo solicitado.(¹) Con motivo de un incidente ocurrido en una vista ante el Comisionado Especial nuevamente se planteó la cuestión al tribunal a quo, dando con ello margen a la resolución de 17 de octubre de 1968, en la cual manifiesta que "los propios récords de la querellada demuestran *fuera de toda duda* que ésta dejó de pagar en numerosas ocasiones, horas trabajadas por sus empleados en ocasiones no relacionadas con cambios de turno", y, en vista de ello, estimó que lo más juicioso era que se recibiera prueba sobre todas las horas no compensadas, *"según surge de las alegaciones de la querella radicada en este caso."* (²) Acordamos revisar esta resolución.

Precisa advertir de inmediato que el tribunal a quo no estaba autorizado para concluir terminantemente que los récords de la querellada demostraban que no se les había com-

---

(¹) En efecto el primer informe del Comisionado Especial contiene una relación separada de las horas extras trabajadas en exceso de 8 diarias y de las trabajadas con motivo de los cambios de turnos.

(²) La controversia presentada por las alegaciones generales de la querella quedó limitada conforme a la solicitud de sentencia sumaria y las declaraciones que se ofrecieron en apoyo de la misma, según indicamos más adelante en esta opinión.

pensado horas extras trabajadas por los querellantes. De ser procedente la reclamación era necesario ofrecer una oportunidad a la empresa para que explicara las aparentes diferencias que surgen de las tarjetas de asistencia y era preciso oir prueba sobre este aspecto de la controversia. Tal vez anticipándose a ello se presentó una declaración jurada del gerente de la recurrente diciendo que debido a la dificultad de que todos los empleados marquen el reloj de asistencia en el minuto preciso en que se comienza la labor era la.práctica hacerlo unos minutos antes, pero que los reclamantes no comenzaban efectivamente su trabajo hasta la hora señalada en el convenio. En *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), se consideró una situación similar, expresándose por el Tribunal Supremo federal que "En verdad, hubiese sido imposible que todos los obreros de un mismo turno pudiesen haber marcado a la misma hora en vista del tiempo que ello toma. La primera persona hubiese marcado cuando menos ocho minutos antes que la última. No sería razonable acreditar a aquélla ocho minutos más de labor debido a la circunstancia fortuita de su situación al marcar", y añade, "Además, se admite generalmente que los relojes para marcar no demuestran necesariamente el tiempo efectivamente trabajado por un empleado." (a la pág. 690.) Véase además, 30 Am. Jur.2d, *Evidence*, §§ 1108 y 1109; cf. *Matías Rodríguez* v. *Adm. Programas Sociales*, 92 D.P.R. 200 (1965).

Refiriéndonos a la cuestión principal envuelta en el recurso debe recordarse que al resolverse el incidente sobre sentencia sumaria se admitió que a los querellantes se les habían compensado las horas extras trabajadas a razón de tiempo y medio conforme a la legislación federal y a los convenios,(³) y que toda la controversia se redujo a una

---

(³) Los recurridos se amparan en supuestas inconsistencias en las declaraciones juradas que se acompañaron a la solicitud de sentencia

determinación de derecho sobre si la ley aplicable era la estatal que requería el pago doble por esas mismas horas extras trabajadas. Véase, *Pan American* v. *Tribunal Superior*, supra, a las págs. 143 y 144. No se presentó entonces reparo alguno a la solicitud de sentencia sumaria, y es luego de dictada nuestra sentencia y remitido el mandato que se plantea por primera vez esta reclamación. ([4])

 Hace apenas unos días, en *Pueblo* v. *Tribunal de Distrito*, 97 D.P.R. 241 (1969), explicamos que el mandato es el medio oficial de que nos valemos para comunicar al tribunal de instancia la disposición que hemos hecho de la sentencia o resolución objeto de revisión y de ordenarle el cumplimiento con los términos de nuestra actuación. Una vez recibido el mandato el tribunal inferior debe limitarse a cumplir con lo ordenado que constituye la ley del caso entre las partes. *Melón Hnos. & Co.* v. *R. Muñiz, etc., y Villamil, Int.*, 54 D.P.R. 182, 188 (1939); *Lluberas* v. *Mario Mercado e Hijos*, 77 D.P.R. 458, 461 (1954); *Estado* v. *Ocean Park Development Corp.*, 79 D.P.R. 158, 173 (1956). El efecto del mandato alcanza aun a aquellas cuestiones que pudieron haberse litigado, cf. *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 705 (1946). Así todo cuanto puede considerar el tribunal a quo es lo referente a las horas extras trabajadas con motivo de los cambios de turno.

*Se anulará la resolución del Tribunal Superior, Sala de San Juan, de 17 de octubre de 1968, y se devolverá el caso para ulteriores procedimientos.*

---

sumaria, y que, dicho sea de paso, no fueron controvertidas. Esta posición no tiene la importancia que pretende atribuírsele y ha sido satisfactoriamente explicada.

([4]) Se insinúa que fue el ayudante del Comisionado Especial quien, al examinar las tarjetas de asistencia para hacer los cómputos de las horas extras por mor de los cambios de turno, se dio cuenta de la posible existencia de una reclamación por concepto de la diferencia de minutos marcada antes del comienzo de la jornada de trabajo.