JOSÉ GRANADOS NAVEDO, peticionario, *v.* MARCOS A. RODRÍGUEZ ESTRADA, en su calidad de PRESIDENTE de la COMISIÓN ESTATAL DE ELECCIONES, y OTROS, recurridos.

*Número:* CE-89-30      *Resuelto:* 6 de octubre de 1989

*David Rivé Rivera,* abogado del Presidente de la Comisión Estatal de Elecciones, recurrido.

## RESOLUCIÓN

Vista la moción para que se devuelva el mandato sometido por la Comisión Estatal de Elecciones, y considerando los términos de la Opinión y Sentencia de 29 de septiembre de 1989 y la importancia de que el foro de instancia proceda prontamente con los procedimientos ulteriores correspondientes, se instruye al Secretario General para que el próximo 9 de octubre de 1989 proceda de inmediato a la remisión del mandato en el caso de epígrafe.

Los Señores Jueces reiteran y ratifican sus respectivas posiciones en lo referente a los méritos del recurso según las mismas quedaran plasmadas en la sentencia emitida el 29 de septiembre de 1989.

*Notifíquese por la vía telefónica y por escrito.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió opinión disidente, a la cual se une el Juez Asociado Señor Rebollo López.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión disidente del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Rebollo López.

### I

Este Tribunal no debería ser imagen de unos valores procesales en crisis. Discrepamos de la resolución que ordena la remisión inmediata del mandato en este caso. Ese decreto prescinde *injustamente* del trámite y los términos para solicitar reconsideración según fueron establecidos en la Regla 45 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A.

Con respeto al criterio mayoritario, la resolución per se es *festinada*. Producto de una solicitud presentada *ayer tarde* por el Presidente de la Comisión Estatal de Elecciones —y de idéntico pedido en esta tarde mediante moción conjunta del Comisionado Electoral del Partido Popular Democrático (P.P.D.), Lcdo. Eudaldo Báez Galib, y el demandado Héctor L. Acevedo Pérez— implica una vez más un ejercicio discrecional *ilimitado* "sin darle ninguna oportunidad y sin observar el debido proceso de ley hacia las partes originales . . . que aprisiona, en particular, a la litigante más afectada, la demandante González Suárez", promovente de una acción separada e independiente de *mandamus y daños y perjuicios* contra la Comisión Estatal y otros (KPE-89-0274). *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593, 618–619 (1989).

## II

Al hacerlo hemos comprometido y limitado peligrosamente nuestro sentido de responsabilidad institucional en cuanto al ámbito temporal de nuestra jurisdicción apelativa. Bajo el desgastado vocablo de la "importancia" del caso ignoramos otra vez unos términos configurativos de derechos sustantivos y procesales de las partes. El 29 de septiembre, inconstitucionalmente, la mayoría descartó el trámite de emplazamiento personal para adquirir válidamente jurisdicción sobre mil ochocientos cuarenta y cinco (1,845) electores acumulados indebidamente como partes, y ahora, de un plumazo, lo hacen en cuanto al trámite de reconsideración apelativo.

De hecho, la resolución mayoritaria sólo podría explicarse si, a priori, partimos de la premisa de que ninguna de las partes originales en el *pleito de impugnación* o en la demanda de *mandamus y daños y perjuicios* —excepto la Comisión Estatal de Elecciones, Acevedo Pérez y Báez Galib— pedirá la reconsideración. Confesamos que carecemos de la

mágica bola de cristal para así anticiparlo, desconocemos el cimiento u origen de ese conocimiento y los fundamentos que pudieran aducir las partes perdidosas en abono de una reconsideración.

## III

La premura en remitir el mandato, por razones de tiempo, nos impide afinar otros conceptos. Basta tener presente que la "señora González Suárez *nunca* ha tenido ni se le ha brindado la oportunidad de exponer, *en foro judicial alguno*, su posición respecto a la presente decisión de añadir a su caso —por vía de acumulación— mil ochocientos cuarenta y cuatro (1,844) *nuevas partes*. Cabe recordar de nuevo las siguientes palabras iluminadoras del Juez Frankfurter, citadas en el análisis del Prof. L.H. Tribe en su obra *American Constitutional Law*, Mineola, Ed. Foundation Press, 1978, Sec. 10-7, pág. 503: '"la validez y autoridad moral de una conclusión depende en gran medida de la manera en que se llegó a ella. . . . Ningún instrumento mejor ha sido diseñado para arribar a la verdad que el ofrecer a una persona en peligro de sufrir una pérdida seria, notificación del caso en su contra y oportunidad para enfrentarlo. Tampoco se ha encontrado una mejor manera para generar el sentimiento tan importante para un gobierno popular, que se ha hecho justicia".' (Traducción nuestra.)" (Énfasis en el original.) *Granados v. Rodríguez Estrada II*, supra, pág. 674.

A fin de cuentas, el mandato no es otra cosa que el "medio oficial [y regular] de que nos valemos para comunicar al tribunal de instancia la disposición que hemos hecho de la sentencia [o resolución] objeto de revisión y de ordenarle el cumplimiento con los términos de nuestra actuación". *Pueblo v. Tribunal de Distrito*, 97 D.P.R. 241, 246 (1969). Véase *Pan American v. Tribunal Superior*, 97 D.P.R. 447, 451 (1969). Sólo procede ministerialmente cuando ha transcurrido el término de diez (10) días *laborables* que tienen las partes para solicitar una reconsideración. Regla 45 de nuestro Reglamento, *supra*. Asumiendo que —por interacción de

la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A— dicho término pudiera ser discrecionalmente disminuido o, en situaciones extremas, *eliminado*, ello aquí es improcedente. Bajo el lenguaje de la Regla 50, *supra*, no sirve a "los mejores intereses de *todas* las partes" (énfasis suplido), como tampoco necesariamente significa un "más justo y eficiente despacho".

En este recurso, el término para solicitar reconsideración de la decisión de 29 de septiembre se cumple —una vez descontados los días feriados comprendidos— el próximo 16 de octubre. ¿Por qué entonces, prudencialmente, ante la decisión dividida y fundamentada en una votación *cerrada* de cuatro a tres (4–3) Jueces de este Foro, no esperar su vencimiento o requerirle a las restantes partes que no han comparecido que expongan su posición al respecto? Con marcha en retroceso en el ámbito procesal no se avanza hacia la superación de nuestra democracia.