JOSÉ GRANADOS NAVEDO, peticionario, *v.* MARCOS A. RODRÍGUEZ ESTRADA, en su calidad de PRESIDENTE de la COMISIÓN ESTATAL DE ELECCIONES, y OTROS, recurridos.

*Número:* CE-89-30        *Resuelto:* 11 de octubre de 1989

*Francisco Quiñones Vizcarrondo*, abogado de la interventora.

## SENTENCIA

A la moción para solicitar intervención y aclaración de opinión de la parte interventora, no ha lugar.

*Notifíquese por la vía telefónica y por escrito.*

Lo acordó el Tribunal y certifica el señor Secretario General. Los Señores Jueces reiteran y ratifican sus respectivas posiciones en lo referente a los méritos del recurso, según las mismas quedaron plasmadas en la Sentencia de 29 de septiembre de 1989 y en la Resolución de 6 de octubre de 1989. El Juez Asociado Señor Negrón García emitió opinión disidente. El Juez Asociado Señor Rebollo López disiente sin opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Voto disidente del Juez Asociado Señor Negrón García.

I

Nuevamente discrepamos. En nuestra opinión disidente del pasado 29 de septiembre de 1989 dijimos:

*¿Qué hace hoy la mayoría de este Tribunal por votación cerrada? Revoca* una vez más al Tribunal Superior, pero eufemísticamente caracteriza el mandato como una mera "*modificación*". Opinión mayoritaria, pág. 600. Esa "*modificación*", a su vez, fuerza una decisión de emitir un decreto en el caso *distinto* de *mandamus y daños y perjuicios* sin darle ninguna oportunidad y sin observar el debido proceso de ley hacia las partes originales en *ese proceso* que aprisiona, en particular, *a la litigante más afectada, la demandante González Suárez*. De los escombros del dictamen del Tribunal Superior *crean instantánea y artificialmente un peculiar y extraño pleito de clase* que no cumple los trámites más elementales prescritos. Luego echan a un lado y mutilan toda la normativa y jurisprudencia —civil y electoral vigente— sobre el emplazamiento *personal* requerido para que un tribunal adquiera válidamente jurisdicción sobre una parte, citando aisladamente y atribuyendo unos efectos que no tiene a unas expresiones ver-

tidas en *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986). Por último, improvisada, arbitraria e inconstitucionalmente sustituyen la notificación *personal* de mil ochocientos cuarenta y cinco (1,845) electores por una sencilla notificación por *correo certificado*.

*Con respeto para todos*, ese dictamen es una "caja de pandora" de frágil hechura judicial que no debió abrirse. Entre sus males brota bruscamente no ya una transformación procesal, sino la *desfiguración*, por el tribunal de instancia, del pleito de *impugnación* entre Granados Navedo y Acevedo Pérez en trámite desde el 19 de diciembre de 1988, y la *fea deformación en apelación*, por la mayoría de este Tribunal, de la acción de *mandamus y daños y perjuicios iniciada separada e independientemente por la electora González Suárez el 17 de febrero de 1989, sin brindar a ella* y a todas las partes involucradas la oportunidad de una comparecencia.

*Coincidentalmente, ambos decretos confunden principios y mecanismos procesales elementales, inyectan unas variantes impermisibles que trastocan el esquema legislativo especial y ordinario pautado, son contrarios a la solución lógica y ordenada visualizada en las reglas vigentes y no solucionan —sino que agudizan— las infracciones al debido proceso de ley constitucional. Sobre todo complican y atrasan la adjudicación del pleito de impugnación e, innecesariamente, proyectan un conflicto jurisdiccional con la Corte de Distrito Federal para el Distrito de Puerto Rico.* (Énfasis suplido y en el original.) *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593, 618–620 (1989), opinión disidente.

Y, más adelante, indicamos:

El enredo de la opinión mayoritaria es transparente. Funde causas de acciones diferentes y confunde los efectos del mecanismo de la consolidación con el de acumulación. *En movimiento de traslación llega al extremo de mudar de lugar* a uno de los litigantes principales, al concluir que la acción de *mandamus y daños y perjuicios* de la señora González Suárez, como el pleito de "impugnación por el señor Granados Navedo *tienen el mismo objetivo —cuestionar el resultado electoral para el cargo de Alcalde de San Juan* . . .". (Énfasis suplido.) Opinión mayoritaria, pág. 608. La mutación procesal

culmina cuando astutamente en dicha opinión se formula la pregunta siguiente: "¿qué clase de *remedio completo* se le . puede ofrecer al peticionario Granados Navedo. . .?" (Énfasis en el original suprimido y énfasis suplido.) Íd. En otras palabras, aun cuando la mayoría reconoce que los electores no son acumulables como partes en el *pleito de impugnación*, continúan girando descontroladamente en torno a Granados Navedo —y también, sin mencionarlo, alrededor de Acevedo Pérez— y, atraídos fatalmente por ese polo magnético o centro de gravedad, enrevesadamente y *sin fundamentos jurídicos los acumulan en la acción independiente de la señora González Suárez*. El tambaleante puente que sirve de sostén a ese gigantesco paso e inesperado tránsito sustantivo y procesal es una sencilla *consolidación*. (Énfasis en el original.) *Granados v. Rodríguez Estrada II*, supra, págs. 653–654.

Estos argumentos y otros más esgrimidos vehementemente en abono de la *total revocación* de la orden del Tribunal Superior —y contra el curso decisorio mayoritario de acumular como partes a mil ochocientos cuarenta y cinco (1,845) electores y meramente notificarles por correo certificado— fueron rechazados. Ante ello, concluimos que había prevalecido una decisión violatoria del debido proceso de ley de los derechos correspondientes a la señora González Suárez y de esos numerosos electores antes marginados por la Comisión Estatal de Elecciones. *Esas violaciones no terminaron en ese momento.*

## II

Pocos días después, el 6 de octubre, este Tribunal festinadamente y a destiempo —sin haber transcurrido el término para una reconsideración— ordenó la remisión inmediata del mandato a solicitud del Presidente de la Comisión Estatal de Elecciones y los demandados Báez Galib y Acevedo Pérez. Objetamos entonces dicho proceder:

. . . [H]emos comprometido y limitado peligrosamente nuestro sentido de responsabilidad institucional *en cuanto al ám-*

*bito temporal de nuestra jurisdicción apelativa.* Bajo el desgastado vocablo de la "importancia" del caso, *ignoramos otra vez unos términos configurativos de derechos sustantivos y procesales de las partes.* El 29 de septiembre, inconstitucionalmente, la mayoría descartó el trámite de emplazamiento personal para adquirir válidamente jurisdicción sobre mil ochocientos cuarenta y cinco (1,845) electores acumulados indebidamente como partes, y ahora, de un plumazo, *lo hacen en cuanto al trámite de reconsideración apelativo.*

De hecho, la resolución mayoritaria sólo podría explicarse si, a priori, partimos de la premisa de que ninguna de las partes originales en el *pleito de impugnación* o en la demanda de *mandamus y daños y perjuicios* —excepto la Comisión Estatal de Elecciones, Acevedo Pérez y Báez Galib— pedirá la reconsideración. Confesamos que carecemos de la mágica bola de cristal para así anticiparlo, desconocemos la base u origen de ese conocimiento *y los fundamentos que pudieran aducir las partes perdidosas en abono de una reconsideración.*

## III

La premura en remitir el mandato, por razones de tiempo, nos impide afinar otros conceptos. Basta tener presente que la "señora González Suárez *nunca* ha tenido ni se le ha brindado la oportunidad de exponer, *en foro judicial alguno,* su posición respecto a la presente decisión de añadir a su caso —por vía de acumulación— mil ochocientos cuarenta y cinco (1,845) *nuevas partes.* Cabe recordar de nuevo las siguientes palabras iluminadoras del Juez Frankfurter, citadas en el análisis del Prof. L.H. Tribe en su obra *American Constitutional Law,* Mineola, Ed. Foundation Press, 1978, Sec. 10-7, pág. 503: '"la validez y autoridad moral de una conclusión depende en gran medida de la manera en que se llegó a ella. . . . Ningún instrumento mejor ha sido diseñado para arribar a la verdad que el ofrecer a una persona en peligro de sufrir una pérdida seria, notificación del caso en su contra y oportunidad para enfrentarlo. Tampoco se ha encontrado una mejor manera para generar el sentimiento tan importante para un gobierno popular, que se ha hecho justicia".' (Traducción nuestra.)" (Énfasis en el original.) *Granados v. Rodríguez Estrada II,* supra, pág. 674.

A fin de cuentas, el mandato no es otra cosa que el "medio oficial [y regular] de que nos valemos para comunicar al tribunal de instancia la disposición que hemos hecho de la sentencia [o resolución] objeto de revisión y de ordenarle el cumplimiento con los términos de nuestra actuación". *Pueblo v. Tribunal de Distrito*, 97 D.P.R. 241, 246 (1969). Véase *Pan American v. Tribunal Superior*, 97 D.P.R. 447, 451 (1969). Sólo procede ministerialmente cuando ha transcurrido el término de diez (10) días *laborables* que tienen las partes para solicitar una reconsideración. Regla 45 [del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A]. Asumiendo que —por interacción de la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A— dicho término pudiera ser discrecionalmente disminuido o, en situaciones extremas, *eliminado*, ello aquí es improcedente. Bajo el lenguaje de la Regla 50, *supra*, no sirve a "los mejores intereses de *todas* las partes", como tampoco necesariamente significa un "más justo y eficiente despacho".

En este recurso, el término para solicitar reconsideración de la decisión de 29 de septiembre se cumple —una vez descontados los días feriados comprendidos— el próximo 16 de octubre. ¿Por qué entonces, prudencialmente, ante la decisión dividida y fundamentada en una votación *cerrada* de cuatro a tres (4–3) Jueces de este Foro, *no esperar su vencimiento* o requerirle a las restantes partes que no han comparecido *que expongan su posición al respecto? Con marcha en retroceso en el ámbito procesal no se avanza hacia la superación de nuestra democracia.* (Énfasis suplido y en el original.) *Granados v. Rodríguez Estrada III*, 124 D.P.R. 716, 718–720 (1989).

### III

*Prevalece el estado de indefensión judicial.* "Este Tribunal no debería ser imagen de unos valores procesales en crisis." *Granados v. Rodríguez Estrada III*, supra, pág. 717, opinión disidente. Nos explicamos. Por *primera vez* comparece ante este Foro la señora González Suárez y pide intervención y aclaración, mediante enmienda, del error antes señalado en la opinión de 29 de septiembre.

A pesar de los méritos de su solicitud, le han cerrado las puertas "de cantazo". Específicamente —por conducto de su abogado Francisco Quiñones Vizcarrondo— ha controvertido la principal conclusión mayoritaria que los llevó a *consolidar y a acumular* mil ochocientos cuarenta y cinco (1,845) electores como partes, a saber, que su acción "tien[e] el mismo objetivo [de] cuestionar el resultado electoral para el cargo de Alcalde de San Juan . . .". *Granados v. Rodríguez Estrada II*, supra, pág. 608. A tal efecto nos recuerda el carácter *constitucional y personalísimo* de su reclamo y aclara que, en reunión celebrada en instancia el 5 de octubre, los litigantes Granados Navedo y Acevedo Pérez —a través de sus respectivos abogados— *reconocieron todo lo contrario, esto es, estipularon que su caso no había sido presentado "para certificar o descertificar alcalde electo o candidato alguno"*. Añade que lo *único* que se acordó fue la presentación de la prueba sobre sus cualificaciones de electora en una sola vista y subsiguientemente, en una aparte, el desfile de prueba sobre daños y perjuicios.

Ante esta *VERDAD*, lo procedente sería reclamar el mandato e inmediatamente corregir dicho error en la opinión mayoritaria. La resolución de hoy, sin fundamentos, niega discrecionalmente ese remedio. La renuencia a así reconocerlo configura un patrón acumulativo de injusticia. Se comprende al percatarnos de que su aceptación implicaría una reconsideración de la opinión mayoritaria, la cual frágilmente sólo se funda en el ejercicio de una *discreción ilimitada*. Estamos a tiempo para hacer cumplida justicia y "fijar correctamente las coordenadas que en el plano electoral y constitucional el recurso nos presenta". (Énfasis suprimido.) *Granados v. Rodríguez Estrada II*, supra, pág. 682, opinión disidente. *Contra la VERDAD no cabe invocar discreción judicial alguna*. A la postre, "[p]*or su naturaleza no reglada, el ejercicio de la discreción es la prerrogativa judicial más poderosa y peligrosa. Siempre reclama una profunda reflexión íntima de conciencia*". (Énfasis en el original.) Íd., pág. 684.