ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JOSE D. SANTIAGO TORRES<br><br>Apelante<br><br>v.<br><br>YAUCO HEALTHCARE CORP. Y OTROS<br><br>Apelados | KLAN202300603 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2019CV02484<br><br>Sobre: Violación Derechos Civiles |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2023.

El señor José D. Santiago Torres, mediante recurso de Apelación, que acogemos como *certiorari*[1], manteniendo la identificación alfanumérica que asignó la Secretaría, nos solicita que revisemos una Orden emitida el 22 de junio de 2023 por el Tribunal de Primera Instancia, Sala de Ponce. En esta el foro primario refirió al señor Santiago Torres a la orden emitida el 1ro de junio de 2023, al atender la *Moción solicitando determinación de si un desistimiento de un desistimiento y que el tribunal dio por enterado, impidió que el presente caso se diera por terminado* incoada por el señor Santiago Torres.

En la orden del 1ro de junio de 2023 el foro primario realizó un recuento de todas las mociones que resolvió del señor Santiago Torres. En la orden le informó que existe una sentencia de desistimiento sin perjuicio, la cual es final y firme, más le indicó

---

[1] Por tratarse de la revisión de una orden interlocutoria en etapa postsentencia, se acogerá el recurso como una petición de *certiorari*. IG Builders et al. v. BBVAPR, 185 DPR 307, 339 (2012). También se trata de una Orden interlocutoria.

Número Identificador

SEN2023 _____

que tomaba conocimiento de la presentación del caso ante la consideración de otra sala.

Por los fundamentos que exponemos a continuación expedimos el recurso solicitado y confirmamos la orden contra la que se recurre.

**I.**

Procedemos a reseñar los antecedentes según narrados en el recurso que atendemos, así como de la información recopilada de la búsqueda en el *Sistema Electrónico de Bibliotecas Integradas* (SEBI) y de los documentos unidos al expediente.

El señor José D. Santiago Torres alega que se le aplicó la Ley 408 (Ley de Salud Mental de Puerto Rico de 2 de octubre de 2000, 24 LPRA secs. 6152 et seq.), para llevarlo al Hospital de Damas.  Indicó que en ese proceso fue inyectado involuntariamente, sedado, abusado y sufrió laceraciones.  Adujo que, de ahí, fue transferido al Hospital Metropolitano y/o Yauco Healthcare Corp. donde se le mantuvo luego de haber transcurrido las primeras 24 horas de la Orden bajo la Ley 408.

Tras ello, el señor Santiago Torres presentó cuatro demandas en las que alegó unos daños ocasionados por la hospitalización involuntaria.  Las acciones fueron asignadas a las causas civil Núm. PO2018CV01870, PO2019CV00626, PO2019CV01417 y PO2019CV02484.  Referidas causas fueron consolidadas en el foro primario.[2]

Luego de varios trámites procesales, a petición del señor Santiago Torres, que solicitó el desistimiento y cierre de los casos, el 9 de octubre de 2019 el foro de primera instancia dictó una Sentencia Enmendada, a los fines de incluir el epígrafe del caso

---

[2] Recopilado del KLAN201901289 cons. KLAN201901401.

PO2019CV02484, mediante la cual decretó "el desistimiento y archivo de la causa de acción a favor de la parte demandada, Con Perjuicio, sin especial imposición de costas, gastos ni honorarios de abogado".[3]

En desacuerdo, el señor Santiago Torres acudió a este foro intermedio en los recursos asignados a los alfanuméricos KLAN201901289 y KLAN201901401. El Panel designado consolidó los expedientes y el 18 de noviembre de 2021 dictó una sentencia a los fines de modificar la *Sentencia Enmendada* apelada para que el efecto del desistimiento sea **sin perjuicio** contra aquellas partes que aun formaban parte del pleito. El 11 de abril de 2022 el Tribunal de Apelaciones emitió el mandato.

Entretanto, el 12 de enero de 2022, el señor Santiago Torres instó ante el TPI una *Moción solicitando desistir sin perjuicio aplicando la sentencia del apelativo que revocó la sentencia con perjuicio*. Allí alegó que desiste una vez más del desistimiento que envolvió la apelación en todos los casos consolidados. El **18 de enero de 2022** el foro primario le contestó "enterado".[4]

Tras ello, el 23 de enero de 2023 el señor Santiago Torres presentó una *Moción urgente solicitando decisiones [de] todos los casos consolidados.* En síntesis, alegó que el Tribunal Apelativo revocó la sentencia del Tribunal de Primera Instancia y así lo confirmó el Tribunal Supremo. Indicó que, como consecuencia de ello, interesaba **reversar el desistimiento** y que su solicitud fue ignorada. Sostuvo que es un envejeciente de 88 años, pero puede comparecer a sala y exponer su caso pues fue abogado por más de 40 años.

---

[3] Sentencia Enmendada, Documento 36 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), PO2019CV2484.
[4] Apéndice págs. 6-8.

El **30 de enero de 2023** el señor Santiago Torres presentó otra *Moción solicitando resoluciones y decisiones asuntos generales planteados*.[5] Allí solicitó la desconsolidación de los casos. Indicó que ante la revocación de la Sentencia a "sin perjuicio", presentó una moción desistiendo del desistimiento y el Tribunal no ha actuado. Agregó que le privaron de su derecho a comparecer por derecho propio.

El **27 de marzo de 2023**, notificada el siguiente día, el foro primario emitió la siguiente determinación:

> Examinada la moción de la parte demandante de epígrafe y en el ejercicio de la flexibilidad y discreción permitida al tribunal, sin ventajas para ninguna de las partes, nos pronunciamos. Nuevamente exponemos que según surge del expediente mediante Sentencia emitida el 18 de noviembre de 2021 en los casos KLAN20191289 consolidado con el KLAN201901401 el Tribunal de Apelaciones decretó el desistimiento sin perjuicio del presente caso. A esos fines, se modificó la determinación tomada por el Tribunal de Primera Instancia el 9 de octubre de 2019 cuando se dictó Sentencia Enmendada a los fines de desestimar con perjuicio el presente caso. Véase y refiérase al Mandato fue remitido el **11 de abril de 2022**. Por lo tanto, a esta fecha es final y firme la Sentencia emitida por el Tribunal de Apelaciones en la cual se desestimó sin perjuicio el caso. Tomamos conocimiento de la presentación del caso conforme a derecho ante la consideración de otra sala.[6]

Así las cosas, el 1ro de junio de 2023 el Tribunal emitió otra orden en atención a una *Moción Urgente solicitud de reconsideración,*[7] en la cual dispuso lo siguiente:

> Orden
>
> En atención al asunto traído por la parte demandante, se instruye y se aclara en el presente caso se han emitido Orden en relación a lo solicitado. Véase Orden del 15 de febrero de 2023. El Tribunal dispuso: " Nada que disponer. El presente caso tiene sentencia final sin perjuicio. Inicie la causa conforme a derecho".

---

[5] Apéndice págs. 9-10.
[6] Apéndice pág. 5.
[7] El peticionario no incluyó copia en el apéndice de la referida moción de reconsideración.

De igual manera nos expresamos mediante Orden del 24 de marzo de 2023; "Según surge del expediente mediante Sentencia emitida el 18 de noviembre de 2021 en los casos KLAN201901289 consolidado con el KLAN201901401 el Tribunal de Apelaciones decretó el desistimiento sin perjuicio del presente caso. A esos fines, se modificó la determinación tomada por el Tribunal de Primera Instancia el 9 de octubre de 2019 cuando se dictó Sentencia Enmendada a los fines de desestimar con perjuicio el presente caso. El Mandato fue remitido el 11 de abril de 2022. Por lo tanto, a esta fecha es final y firme la Sentencia emitida por el Tribunal de Apelaciones en la cual se desestimó sin perjuicio el caso".

Note la parte demandante que esta Curia de igual manera emitió Orden el 4 de abril de 2023, nos volvimos a pronunciar;

Nuevamente exponemos que según surge del expediente mediante Sentencia emitida el 18 de noviembre de 2021 en los casos KLAN201901289 consolidado con el KLAN201901401 el Tribunal de Apelaciones decretó el desistimiento sin perjuicio del presente caso. A esos fines, se modificó la determinación tomada por el Tribunal de Primera Instancia el 9 de octubre de 2019 cuando se dictó Sentencia Enmendada a los fines de desestimar con perjuicio el presente caso. VEASE el Mandato fue remitido el 11 de abril de 2022. Por lo tanto, a esta fecha es final y firme la Sentencia emitida por el Tribunal de Apelaciones en la cual se desestimó sin perjuicio el caso. Tomamos conocimiento de la presentación del caso conforme a derecho ante la consideración de otra sala.

Esta Curia ha atendido todas las mociones presentadas por el demandante.

Posteriormente, el 22 de junio de 2023 el foro primario emitió otra orden para disponer de la *Moción solicitando determinación de si un desistimiento de un desistimiento y que el tribunal dio por enterado, impidió que el presente caso se diera por terminado.*[8] En esta orden, el foro revisado determinó "Refiérase a Orden del 1 de junio de 2023."

---

[8] Del apéndice del recurso no surge la antes referida moción.

En desacuerdo, el señor Santiago Torres instó por derecho propio el recurso que revisamos. En este planteó que el foro de instancia cometió en siguiente error:

> El Tribunal falta a la Constitución y al debido proceso de ley, interpretando que una Sentencia en Apelación que el demandante la acogió porque revocó una que le perjuicio, limita la acción del Tribunal a procesar, una moción que dio por recibida y ENTERADO, desistiendo del desistimiento, y ahora dice que, por ser ya final y firme, la moción recibida de desistir no tiene validez, que si la hubiere declarado NO HA LUGAR, SE HUBIERA ACTUADO DE OTRA FORMA DENTRO DE UN AÑO.

Luego de examinar detenidamente el recurso ante nuestra consideración, el 14 de julio de 2023, emitimos la siguiente orden:

> Se le ordena a la parte apelante Mostrar Causa de si existen razones válidas en derecho para no desestimar el recurso, pues en el mismo se pretende un reclamo de apelación contra una denominada Orden del Tribunal de Primera Instancia, Sala de Ponce, que se limita a informar el resultado de una Sentencia de este Tribunal de Apelaciones, emitida y notificada el pasado año, que según indica el TPI, ya es final y firme. Esa Orden contra la que se apela no adjudica nada nuevo en el caso y de ello ser correcto, no estamos ante una controversia que se pueda adjudicar de forma distinta dentro de este caso. La parte apelante tiene que cumplir esta orden y mostrar causa según antes requerido, no más tarde del **21 de julio de 2023**.

> Transcurrido dicho término, si dicha parte no cumple con lo aquí ordenado se desestimará el recurso. Si por el contrario, dentro de ese término compareciera dicha parte apelante y subsanara los errores de su recurso, la parte apelada deberá radicar su posición dentro del término de treinta (30) días, desde que se notifique la comparecencia de dicha parte debidamente representada y en ese momento se entenderá perfeccionado el Recurso para su adjudicación final.

El 19 de julio de 2023 el peticionario presentó una Solicitud de Reconsideración a la orden del 14 de julio de 2023. Allí expresó que la apelación se presentó como consecuencia de que el Tribunal no adjudicó los planteamientos que se la han hecho.

Examinado el recurso, prescindimos de la comparecencia de la parte recurrida, a los fines de disponer la presente acción.[9]

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR ___ (2023), 2023 TSPR 46; McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los

---

[9] En virtud de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones de Puerto Rico el cual dispone que, "[e]l Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos."

méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, supra, pág. 664; Lluch v. España

Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

Además de lo anterior, para ejercer nuestra función revisora, la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B gobierna el contenido de la solicitud de *Certiorari*. La Regla 34(C)(1) del Reglamento, dispone que todo recurso de *Certiorari* debe contener en el cuerpo lo siguiente:

> (a)-(c)…
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
> (g) […]

En armonía a lo anterior, sabido es que nuestro sistema judicial es adversativo y rogado, el cual descansa sobre la premisa de que las partes son los mejores guardianes de sus derechos e intereses. Bco. Bilbao v. González Zayas, 155 DPR 589, 594 (2001); SLG Llorens v. Srio. De Justicia, 152 DPR 2, 8 (2000). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo v. Rivera Toro, 173 DPR 137 (2008); Cárdenas Maxán v. Rodríguez, 119 DPR 642 (1987). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar Pool Construction, 159 DPR 714 (2003). Como es sabido, para juzgar, hay que conocer; el derecho de apelación no es automático, conlleva diligenciamiento y un perfeccionamiento adecuado. Andino v. Topeka, 142 DPR 927, 933, 938 (1997). En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, *supra,* citando a Román Velázquez v. Román Hernández, 158 DPR 163, 167-168 (2002).

**B.**

La Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone, en su parte pertinente que:

(a) Una vez presentado el escrito de apelación, **se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela**, o las cuestiones comprendidas en ella, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación. El Tribunal de Primera Instancia

podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en él no comprendida en la apelación.

Conforme lo anterior, con la mera presentación del escrito de apelación se suspenden automáticamente ante el tribunal de instancia todos los procedimientos que están relacionados con la sentencia o con aquella parte de la cual se apela. Mun. Rincón v. Velázquez Muñiz, 192 DPR 989, 1002 (2015). Es decir, desde ese momento el Tribunal de Primera Instancia pierde jurisdicción para atender cualquiera de los asuntos sobre los cuales se está apelando. Mun. Rincón v. Velázquez Muñiz, *supra*.

## C.

En síntesis, el mandato es el medio oficial que posee un tribunal apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado. Mejías et al. V. Carrasquillo et al., 185 DPR 288, 301 (2012), citando a Pueblo v. Tribunal de Distrito, 97 DPR 241, 247 (1969). "El propósito principal del mandato es lograr que el tribunal inferior actúe en forma consistente con los pronunciamientos [del tribunal apelativo]." Íd.

Una vez el mandato es remitido al tribunal inferior, este readquiere jurisdicción sobre el caso, a los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación, y el tribunal apelativo pierde la suya. Mejías et al. V. Carrasquillo et al., *supra*; Pueblo v. Rivera, 75 DPR 432, 433 (1953). El efecto de dicho mandato alcanza aun aquellas cuestiones que, si bien no se litigaron, pudieron haberlo sido y no lo fueron. Mejías et al. V. Carrasquillo et al., *supra;* Pan American v. Tribunal Superior, 97 DPR 447, 451 (1969). Recibido el mandato, el tribunal inferior no tiene autoridad para reabrir el caso, ni para reconsiderar o

enmendar la sentencia o suspender su ejecución, a menos que en las causas civiles se obtenga previamente permiso de este Tribunal para dejar sin efecto la sentencia, según requerido por la Regla 49.2 de Procedimiento Civil[10]. Pueblo v. Tribunal de Distrito, *supra.* La aludida Regla 49.2 de Procedimiento Civil, atiende los asuntos relacionados al relevo de sentencia por errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, nulidad de la sentencia, entre otros

Establecido el marco doctrinal, pasemos a considerar el recurso ante nos.

## III.

El señor Santiago Torres acudió a este foro intermedio para que revisemos una orden que emitió el foro primario el 23 de junio de 2023, en la cual le refirió a una decisión previa del 1ro de junio de 2023. En suma, aduce que el foro primario no adjudicó los planteamientos que se le han hecho en distintas mociones a los fines de desistir de su moción de desistimiento.

De entrada, en el escueto escrito de tres páginas, el peticionario menciona que el TPI incurrió en un error, no obstante, no incluyó la discusión del error señalado ni las fuentes de derecho que sustenta su reclamo. Por consiguiente, su escrito no constituye un recurso perfeccionado adecuadamente, a tenor con las exigencias reglamentarias aplicables. En consecuencia, estamos impedidos de resolver el recurso presentado de conformidad con las normas de Derecho que expusimos.

---

[10] Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc. Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

Aun así, e independientemente a lo anterior, al evaluar el recurso procede denegarlo, pues no identificamos fundamentos jurídicos que justifiquen nuestra intervención en este recurso.

De los hechos que informa esta causa surge que el peticionario presentó varias acciones sobre daños y perjuicios presuntamente causados cuando se tramitó contra su persona una orden de ingreso bajo la Ley 408, Ley de Salud Mental de Puerto Rico. Durante ese trámite, las causas fueron consolidadas. Luego, el señor Santiago Torres solicitó el desistimiento y el 9 de octubre de 2019 el Tribunal de Primera Instancia declaró con lugar el desistimiento solicitado, pero lo hizo **con** perjuicio.

En desacuerdo el señor Santiago Torres acudió a este foro intermedio en las causas KLAN201901289 y KLAN201901401, las que fueron consolidadas. El **18 de noviembre de 2021**, un panel de este Tribunal dictó una sentencia para modificar la determinación del TPI a los fines de que el desistimiento sea **sin** perjuicio. El mandato del Tribunal de Apelaciones fue emitido el 11 de abril de 2022, por lo que esa determinación advino final y firme. Una sentencia es final y firme cuando todas las cuestiones contenciosas entre los litigantes han sido dispuestas y no cabe recurso de apelación alguno. Cruz Roche v. Colón y otros, 182 DPR 313, 323 (2011); Suárez Morales v. E.L.A., 162 DPR 43, 62 (2004).

Aun cuando el foro apelativo dictó sentencia en noviembre de 2021, el 12 de enero de 2022 el peticionario le solicitó al TPI que revirtiera la desestimación del pleito. A esos fines, también presentó otras mociones los días 23 de enero y 30 de enero de 2023.

El foro primario si atendió las mociones del peticionario. Mediante Orden del 1ro de junio de 2023, el foro primario realizó un recuento de todas las mociones resueltas en las cuales le explicó al peticionario, en síntesis, que el Tribunal de Apelaciones decretó el desistimiento sin perjuicio del presente caso, cuyo Mandato fue remitido el 11 de abril de 2022. Por lo tanto, la Sentencia emitida por el Tribunal de Apelaciones en la cual se desestimó la acción sin perjuicio es final y firme. También le informó que tomaba conocimiento de la presentación del caso conforme a derecho ante la consideración de otra sala. [11]

Así pues, el foro primario, al resolver las mociones del señor Santiago Torres le aclaró a este que el caso tenía sentencia final emitida por el foro apelativo la cual era final y firme. Además, le informó de la existencia de otro caso presentado. Esta determinación resulta adecuada y no amerita nuestra intervención.

La norma general es que cuando un caso está en la etapa apelativa, los procedimientos ante el TPI quedan paralizados. Véase Regla 52.3 de Procedimiento Civil, *supra*. En su consecuencia, el escrito que presentó el peticionario ante el TPI mientras estaba en curso la apelación no podía ser resuelto en los méritos por referido foro, pues la acción estaba pendiente en Apelación.

Ahora bien, una vez, el foro apelativo dictó la Sentencia, y esta advino final y firme, el foro primario debe cumplir con la determinación del Tribunal de Apelaciones. Es decir, procedía desestimar el caso **sin** perjuicio, tal como lo decretó el foro apelativo. En tal escenario, el foro primario solo podía otorgarle

---

[11] Véase Orden del 2 de junio de 2023, apéndice pág. 3.

obediencia y fiel cumplimiento al mandato de este Foro Apelativo. Así lo hizo y se lo explicó al peticionario en la orden cuya revisión se nos solicita y en otras previas.

Ahora bien, como el desistimiento es sin perjuicio, si el peticionario interesa, puede demandar nuevamente, si la acción no ha prescrito.

Conforme a los hechos detallados y al derecho esbozado en esta Resolución, no encontramos justificación alguna para intervenir con la Orden recurrida, por el contrario, procede confirmar la misma.   El peticionario tampoco señaló prueba en el expediente que tienda a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto, en la Orden que revisamos.

## IV.

Por las razones antes expresadas, que hacemos formar parte de esta Resolución, expedimos el auto de Certiorari y confirmamos la Orden contra la que se recurre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones